SIMMONS *v.* SIMMONS.

## Constant Simmons v. Betsy Simmons.

In an action for breach of promise to marry, it is not necessary for plaintiff to prove that defendant was of full age when the promise was made.

In such an action it is not error to allow proof that defendant borrowed money of plaintiff, and renewed his notes therefor immediately before marrying another; as it is important for the jury to understand as fully as possible the mutual conduct of the parties during the existence of the contract, as well as the causes and circumstances attending the breaking off of the engagement.

Proof of the frequent intermarriage of the ancestors of the parties, who are cousins, and of the evil tendency of the marriage of relations in producing deformed or sickly and imbecile children, is incompetent—the contract of marriage not hav∗ ing been broken on any such ground.

*Heard May 26th. Decided June 6th.*

Error to Wayne Circuit. The case is sufficiently stat. ed in the opinion.

*W. P. Yerkes* and *W. Gray* for plaintiff in error.

*G. V. N. Lothrop* for defendant in error.

CAMPBELL J. :

The defendant in error having obtained a judgment below against the plaintiff in error, for breach of promise to marry, it is alleged that errors occurred upon the tri- al below, *first* in not requiring proof that the plaintiff in error was of full age when he made the promise ; *second,* in allowing proof that he borrowed money of the defen- dant in error, and renewed his notes one and two years upon his last visit to her, about a week before he mar- ried another ; *third,* in excluding proof of the frequent intermarriage of the ancestors of the parties, who were cousins, and of the evil tendency of the marriage of re- lations in producing deformed or sickly and imbecile off- spring.

We think the court below charged correctly on the question of infancy, which should have been proved if it existed when the contract was made. The case of *Beau- bien v. Cicotte* [*ante, p.* 9] applies only to the *onus pro- bandi* upon the competency of testators, and is confined

entirely to such cases, for peculiar reasons not attaching elsewhere. Parties who are living, and *sui juris*, are able to produce testimony for themselves. And infancy is a substantive defense, requiring affirmative proof.

There was no error in allowing proof of the money transactions. In cases of this kind it is important for the jury to understand, as fully as possible, the mutual conduct of the parties during the existence of the contract, as well as the causes and circumstances attending the breaking off of the engagement. These transactions have some significance in showing the degree of confidence and intimacy existing, and have or may have a very decided bearing upon the view to be taken of the breaking of the promise. An engagement broken off suddenly and without warning, would very naturally create more pain and mortification than if ended under other circumstances; and if a jury were to regard this conduct concerning money matters as calculated, under the circumstances, to have caused additional ground of pain or grievance to the defendant in error, we think they would not be violating ordinary probabilities. We cannot presume that they included the debt in their estimate of damages.

Neither do we regard the exclusion of the evidence concerning the intermarriage of the relatives of the parties, and the physiological consequences referred to, as incorrect. It was undoubtedly competent to show the cousinship of the parties themselves, for all facts bearing upon their intimacy were material, and this would have some weight in explaining it. But plaintiff in error cannot be presumed to have been ignorant of these relationships during the continuance of his intimacy with defendant; and whether ignorant or not, he had means of knowing. Had he broken off the match upon any such avowed grounds, the jury, if they regarded the reasons as given in good faith, would be justified in considering the absence of a wanton and capricious disposition as less ag-

gravating to the feelings of the defendant than an abrupt and causeless violation of the agreement. But it does not appear that any attempt was made to show that any of these matters were the real or ostensible causes for breaking the match, or were communicated as such to the lady, or her friends on her behalf. We do not think them admissible as independant facts. The law permits such marriages. The condition, health or prospects of the parties are not affected by them now any more than originally; and they are bound to consider such matters when they enter into their engagement. A change of health, or any other essential change in condition, may be in some cases a complete bar to an action of this kind; and so may the recent discovery of facts be a bar, or a cause for mitigation of damages, if the party acts upon it in good faith in receding from his contract. But a ground such as is here taken, is of no weight whatever, when it is not shown to have been the real and honest cause of the breach of engagement.

The judgment must be affirmed with costs.

The other Justices concurred.