# Wheeling.

## WILLIAM A. TEFFT vs. MARY MARSH.

### July Term, 1864.

1. Letters are personal property, and the possession of them is *prima facie* evidence of title and ownership in the possessor; especially when they are addressed to the christened or given name of the party and bear on their face evidence of their being intended for the party producing them.

2. In an action for breach of promise of marriage contract, the jury is allowed to *infer* the contract from the bearing and conduct of the parties towards each other; and letters expressive of affection and addressed to the plaintiff by tender epithets, are admissible as tending to prove the contract.

3. A motion for a new trial is always addressed to the discretion of the court, and the exercise of that discretion must be rational and prudent.

4. Strict vigilance is required from suitors in the preparation for trial.

5. A case in which a motion for a new trial was properly overruled.

*Mary Marsh* brought suit in the circuit court of *Wood* county in May, 1859, against *William A. Tefft*, for breach of marriage contract. Upon the trial of the cause, the plaintiff produced and offered in evidence three letters which were proven to be in the handwriting of the defendant and signed by him, addressed respectively to "*Miss Mary*," "*Dear Mary*," and "*Dear Mollie:*" to the introduction of which the defendant objected upon the ground that no evidence was offered to show that the plaintiff was the person to whom the letters were addressed. The court overruled the objection and permitted them to be read as evidence before the jury; whereupon the defendant excepted. The contents of the letters were expressions of affection for the plaintiff, and promises to consummate that affection in marriage.

The jury returned a verdict of 3,000 dollars damages for the plaintiff. The defendant moved the court to set the

verdict aside and grant a new trial, and in support of that motion offered two affidavits, one his own, in substance as follows: That he had, when the plaintiff first brought her suit, employed two attorneys to defend him, who had both gone into the service of the so-called confederate states, and that he had placed in their hands documentary evidence that was essential to his defense. That he had no means of communicating with said attorneys, and that to the best of his knowledge and belief one of them had said documentary evidence; that previous to the term of court at which the case was tried, he had employed other attorneys to attend to his interests in the case, and when it was called they sent for him to be present, but that he was unable to do so by reason of sudden illness, and that he was advised by his attorneys that had he been present the absence of said documentary evidence was good cause for continuance.

The other affidavit was made by one of his attorneys, who stated that he regarded the presence of the defendant at the trial as material, and that he did not know of the illness of his client at the time the jury was sworn, nor afterwards until the trial was progressing, and had he been aware of that fact he would have applied to the court to postpone the trial until his recovery.

In the argument of the motion it was admitted by the defendant's attorneys that *John C. Spencer* and *William L. Jackson* were the attorneys mentioned in the affidavit of the defendant; and that the cause had been continued at the previous term of the court for want of the documentary evidence referred to in the same. That at the time of the continuance the defendant was told that *John C. Spencer* was within the lines of the Federal army and in a situation to be easily communicated with; and his place of residence was also told the defendant. That it was known to the court that *William L. Jackson* had been upon the bench as judge of the circuit court of *Wood* county for more than a year prior to his leaving the State, and that during that time the defendant could have had frequent interviews with him. That it was also known to the court and to one if

not both of defendant's attorneys, that said defendant, at the time of the trial, was living at his usual place of abode, which is less than three-fourths of a mile from the court-house, and that the defendant was at the court-house the day before and the day after the trial.

The court overruled the motion for a new trial, and the defendant excepted, and his second bill of exceptions embraced the matter set forth above.

The case came into this court upon a supersedeas granted by one of the judges, upon a petition setting forth the matter contained in the exceptions.

*R. Van Winkle*, for the plaintiff in error.
*J. M. Jackson*, for the defendant in error.

BERKSHIRE, President.

This is an action of assumpsit for breach of marriage contract in the circuit court of *Wood* county, wherein the defendant in error was plaintiff, and the plaintiff in error was defendant, and resulted in a verdict and judgment against the plaintiff in error for three thousand dollars damages, and he having excepted to the ruling of the court below, the case is brought here on a supersedeas awarded by one of the judges of this court.

Two errors only are assigned and appear to arise on the record.

The first is, that the circuit court erred in permitting certain letters produced on the trial by the defendant in error, to go to the jury as evidence on her behalf. These letters, three in number, were admitted and proved to be in the handwriting of the plaintiff in error, and were addressed respectively to "*Miss Mary*," "*Dear Mary*," and "*Dear Mollie.*" It was maintained by the attorney for the plaintiff in error here, that the *possession* of these letters by the defendant in error, did not constitute *prima facie* evidence of title or ownership in herself, and that consequently it was incumbent on her to prove by other competent testimony that she and not another was the identical person for whom

they were intended and to whom they were addressed. But I do not think this proposition can be successfully maintained.

The well settled doctrine, in support of which I need not here stop to cite the authorities, that the possession of personal property is *prima facie* evidence of title and ownership, I think applies in all its force to cases like the present, where a party is found in possession of the letters addressed to his or her given name, and especially so, where, as in the present case, the letters themselves contain such strong internal evidence that they were in fact, addressed to and intended for the party who produced them.

I think it is very clear, therefore, that the possession of the three letters by the defendant in error, under the circumstances, raised a strong presumption that they were, as claimed by her, intended for and received by her in good faith; and that it was for the plaintiff in error, to rebut this presumption, and if he was in fact, in correspondence with and addressed and sent these letters to *another* person by the name of *Mary*, it devolved on *him* to prove the fact.

The contract of marriage is a sacred and peculiar one, and owing to its private and confidential nature, is not often susceptible of direct proof. Hence, in order to protect the innocent against the wiles of the faithless party, and the grave consequences that would often ensue from the inability of the injured party to produce *positive* proof, the jury is allowed to *infer* the contract of marriage from the conduct and bearing of the parties towards each other. As an item of evidence, therefore, strongly tending to prove the marriage contract, in the present case, I think these letters were clearly admissible.

The second error complained of is, that the court below erred in overruling the plaintiff in error's motion for a new trial, grounded on his own affidavit. These motions, it must be remembered, are always addressed to the *discretion* of the court. This is not an *arbitrary* but a sound and rational discretion, and must be exercised in a prudent and reasonable manner. There is perhaps, no well defined rule

to govern courts in the exercise of this prerogative other than that they are limited to a sound and reasonable discretion as I have already remarked, but as to what may constitute a prudent exercise of this discretion within the rule, it is often very difficult to determine, and each case must be decided on its own circumstances. In *Virginia* the uniform rule has been to require the exercise of strict vigilance on the part of suitors, while a more relaxed practice seems to prevail in *Kentucky* and perhaps some other states. The rule which exacts from litigants a reasonable degree of diligence and promptness, is, I think, the better one, and founded in obvious reason and policy, and as it has been strictly adhered to in our own courts, it must of course govern the present case. Did the circuit court err, then, and depart from that sound discretion which the rule enjoins, in refusing the defendant's motion for a new trial?

From the matter set out in his affidavit, upon which he founded his motion, unsupported as it is by any other testimony, in connection with the facts disclosed in the bill of exceptions taken by him for refusing the new trial, I think we should not be warranted in holding that there was any such departure from a sound and proper discretion in refusing to set aside the verdict and award a new trial.

I think, therefore, that the judgment should be affirmed.

The other judges concurred in the opinion of the PRESIDENT.

JUDGMENT AFFIRMED.