WOODARD, Appellant, vs. WEST SIDE STREET RAILWAY COMPANY, Respondent.

*April 17 — May 12, 1888.*

*Street railways: Injury to passenger: Failure to stop: Slippery track: Instructions to jury: Contributory negligence: Proximate and remote cause.*

1. Plaintiff, in attempting to get on a moving street-car, fell, and was dragged by the car some distance before the car stopped. It was in the winter, snowing, and the car was on a down grade. The testimony of the driver that he set the brakes and held the horses back as soon as he heard the signal to stop, and that the car slid on the track, was contradicted by several witnesses. There was evidence that in winter, when the track was slippery, the cars would slide on the track at that place with the brakes set. *Held,* that a charge that it must be taken as established in the case that cars would, in the winter, on the down grade, slide on the track with the brakes set, and be beyond the control of the driver, was misleading as making no qualification as to the state of the track, and conveying the idea that the fact was established that the cars did slide on the occasion in question.

2. Where plaintiff, in attempting to get on a moving street-car, fell, and was dragged some 160 feet before the car stopped, he would be entitled to recover, even though guilty of negligence in attempting to get on a moving car, if the driver could have avoided the injury by the exercise of reasonable care in stopping the car after he was notified that plaintiff had fallen and was being dragged by the car.

APPEAL from the Circuit Court for *Milwaukee* County.

Action to recover damages for personal injuries alleged to have been sustained by reason of the negligence of the driver of a car upon the street railway operated by the defendant, and by reason of the defective and insufficient construction of the platform and handle upon said car, and the failure of the defendant to employ a conductor on such car. The evidence given on the trial and the instructions to the jury are sufficiently stated in the opinion.

The jury returned a special verdict as follows: (1) Did the plaintiff at the time and place in question signal the driver of the defendant's car to stop? Yes. (2) Did the plaintiff take hold of the handle of the car for the purpose of entering it as a passenger? Yes. (3) Was the platform at the entrance of the car insufficient and unsafe for passengers? No. (4) Was the handle of the car, in which the plaintiff's hand was caught, insufficient and unsafe for persons to use in getting onto said car? No. (5) When the plaintiff fell down was the driver immediately notified to stop the car? Yes. (6) Was the driver guilty of negligence in not stopping the car when he was notified that the plaintiff had fallen? No. (6½) Did the driver of the car wilfully or maliciously refuse to stop the car, and cause the plaintiff to be dragged? No. (7) Was the plaintiff in the exercise of ordinary care at the time he was injured? No. (8) Is the plaintiff's injury permanent? No. (8½) Do you find for plaintiff or defendant? Defendant.

From the judgment entered on the verdict, in favor of the defendant, the plaintiff appeals.

*Harlow Pease*, for the appellant.

For the respondent there was a brief by *Jenkins, Winkler & Smith*, and oral argument by *Mr. F. C. Winkler*.

. TAYLOR, J. The appellant brought this action against the respondent to recover damages for an injury received by him under the following circumstances: On the 9th of February, 1885, the appellant was at the office of E. D. Holton, at No. 613 Grand avenue, in the city of Milwaukee. At about 10:30 A. M. on that day he left the said office, which is on the south side of said avenue, and about the middle of the block between Seventh and Sixth streets, which cross said avenue, running north and south, for the purpose of taking the street car going east on the avenue. Mr. James Holton accompanied the appellant from the office to see him off. The appellant and Mr. Holton both testify that they hailed or signaled the driver to stop and permit the appellant to get on the car; that the driver paid no attention to their signals, although he appeared to be looking towards them; and that he did not stop the car. The appellant went towards the car, and took hold of the handle at the side of the car, by the platform, and attempted to get on the car, but by some means his foot slipped from the step, and he fell at the side of the car, and his third finger, on which he had a heavy ring, caught in the handle in such manner that he could not get his hand loose from the handle of the car, and he was drawn along by the side of it, hanging by his finger, for about 160 feet, to the middle of Sixth street, where the car was stopped and he was released. His finger was injured so that it is permanently flexed inward.

The evidence on the part of the plaintiff shows that as soon as he fell, he called out to stop the car; that those in the car called to stop the car, and rang the car-bell violently; that other persons on the walk called to the driver to stop

the car; and that finally two persons ran in front of the horses, about the middle of Sixth street, and threw up their hands to stop the horses, and that the horses and car then stopped. Several witnesses testified that they were on the sidewalk within thirty feet of the car, and that the driver made no effort to stop the car or horses; that the horses were pulling the car, and the wheels of the car were turning; that the car was not sliding; that it was snowing; that there was a high wind from the east, the direction in which the car was going; and that there was considerable snow on the track at the time. These witnesses also testified that the driver seemed to pay no attention to anything which was going on about him, but looked straight before him, apparently without making any attempt to stop the horses ·or the car. These statements of the plaintiff's witnesses as to the apparent inattention of the driver as to what was going on about him, are to some extent corroborated by the evidence of the driver himself. He testifies that he did not see either Holton or the appellant signal to him to stop the car; that he did not know that any one got on the car, or attempted to get on it, between Seventh and Sixth streets; that he heard no one call him to stop the car, and saw no one in the street in front of the horses when they stopped on Sixth street; that after the horses were stopped, he did not see the appellant, or know that he was injured, or how he was injured; but he does testify that when he was about 120 feet from where the horses stopped he heard the bells ring violently as though something was the matter, and he immediately set the brakes so as to stop the wheels of the car from turning, and held up his horses, but that the car slid, and he could not stop it until it stopped in the middle of Sixth street.

The main contention of the plaintiff on the trial was that the driver was negligent in not stopping the car immediately after the plaintiff slipped and fell, and that he

wrongfully and negligently dragged him, while hanging
by the finger to the car, for a long distance, by reason of
which he was greatly injured. It was also claimed by the
appellant that the car handle was not constructed in a
proper manner, and that it was negligence on the part of
the defendant that no conductor was on the car. On the
trial, however, these charges of negligence were not claimed
by the plaintiff to have been established by the evidence,
and his counsel relied mainly upon the negligence of the
driver as a ground upon which to base a recovery. The
charge of negligence of the driver was the main question
in the case, and was met by the company with the claim
that on account of the condition of the track and the de-
scent in the grade at the place, the driver could not stop the
car by the use of all reasonable means and appliances sooner
than it was stopped; that the plaintiff was dragged as he
was, and the distance he was, because it was impossible for
the driver to stop the car, and not because the driver neg-
lected the use of any proper means for stopping the same.
Against the testimony of several apparently credible wit-
nesses, who had ample opportunity of seeing what was
done, and who testified that the horses were not held up,
but were drawing the car until stopped by the men in front
of them in the middle of Sixth street, and that the car did
not slide, but the wheels were turning,— the driver alone
had testified that he set the brakes so as to stop the wheels,
that the car slid, and the horses were held back by him.
In this state of the evidence the court allowed the respond-
ent to introduce witnesses showing the descending grade
of the track between Seventh and Sixth streets, and also
showing that at times in the winter season, when the track
was slippery, the cars would slide down that grade, not-
withstanding the brakes were set and the horses held up.
Admitting that this evidence was competent as tending to
confirm the testimony of the driver that the car slid down

the grade at the time the accident happened, it was certainly far from being conclusive upon the question whether it did in fact slide at the time in question. Whether it would slide at the time in question depended upon the condition of the track at the time. If, as claimed by the appellant, there was considerable snow on the track at the time, with the wind blowing at the rate of thirty miles or more directly in the face of the car, there was no evidence given on the part of the defendant except the evidence of the driver, that it did slide although the brakes were properly set and the horses held back. In this state of the evidence the learned circuit judge instructed the jury as follows:

"The jury are instructed that if they find from the evidence that the plaintiff attempted to board the car without the knowledge of the driver, the car being reasonably safe for the use of this road, and in so doing slipped before he got upon the car, and the finger with the ring upon it caught and became fastened in the handle, thereby causing him to be dragged; if the car was upon the down grade upon Grand avenue; if the driver, so soon as he was notified by the bell or noise that something was the matter, set the brakes as tightly as he could, and made all reasonable and proper efforts to stop the car, but that on account of the weather and the slippery condition of the track the car continued to descend the hill, dragging the plaintiff until it was stopped at Sixth street,— then, and in such case, the plaintiff cannot recover in this action, and your verdict must be for the defendant.

"With respect to the question whether the cars would slide when upon the down grade of Grand avenue when the brake is firmly set, and the car be for a time beyond the control of the driver, the jury are instructed that the defendant has presented the testimony of some six witnesses who testified to a practical knowledge, acquaintance, and

experience with the subject, and have testified positively that such is the fact.

"The testimony of the plaintiff on that subject is simply to the fact two or three witnesses have testified that they never have noticed cars so slide. The testimony of the defendant's witnesses on that subject is positive. The testimony on the part of the plaintiff in that regard is simply negative testimony, and amounts to but little more than, so to speak, a mere *scintilla* of evidence, and does not justify the jury in disregarding the positive and otherwise unimpeached testimony that such sliding does occur.

"The evidence in this case, therefore, justifies the court in instructing you that it is established by the evidence in the cause that, in the winter season, cars coming upon the down grade of Grand avenue will slide even when the brake is completely set, and the car for a time, until its momentum is overcome by the resistance of the brake, passes beyond the control of the driver to stop it. The jury must take that as an established fact in this case, and determine the questions submitted to it in the light of such established fact."

We think this charge was misleading. The question for the jury in the case was not whether, under certain conditions, a car would slide upon the tracks with the brakes set and the horses held back, but whether it did slide with the brakes set and the horses held back at the time in question and under the conditions shown by the evidence. In the second and third paragraphs excepted to the learned judge instructs the jury that it is conclusively established "that cars would slide when on the down grade of Grand avenue when the brake is firmly set, and the car be for the time beyond the control of the driver." The learned judge does not state what the condition of the track must be when the cars on that grade would be beyond the control of the driver, but declares generally that it is conclusively estab-

lished "that the cars would slide when on the down grade," without regard to the condition of the track or the weather. In the last paragraph of the instructions excepted to the learned judge qualifies his statement by saying that it is conclusively established that the cars will slide in the winter season with the brakes firmly set, without any other qualification as to the condition of the track or state of the weather, and then concludes the instruction by saying that "the jury must take that as an established fact in this case, and determine the questions submitted to it in the light of such established fact."

It seems to us that when the court instructed the jury that they must take it as an established fact in the case they were considering, that, in the winter season, cars coming down the grade of Grand avenue would slide, though the brakes were set firmly, and for a time be beyond the control of the driver, the jury might well understand the instructions to mean that, in the case they were trying, it was established that the car did slide as testified to by the driver.    The car was conclusively shown to be coming down the grade of Grand avenue, and it was in the winter season that the accident happened.    We are very clear that, under the evidence in this case, it was error for the court to instruct the jury that the car was beyond the control of the driver at the time the accident happened, and that, under the instructions given, the jury would be very likely to understand that the court so intended to instruct them.

It is said by the counsel for the respondent that if the instructions above quoted were not strictly correct under the evidence, yet, as there was a special verdict and the jury have found that the plaintiff was not in the exercise of ordinary care when he was injured, no harm was done, as the plaintiff, under the finding, cannot recover in any event.    It is evident that this finding, if it can be supported by the evidence, must relate to the want of care on the part of the

plaintiff at the time he attempted to board the car, and could not relate to any want of ordinary care on his part after he fell and was dragged by the car. The learned judge properly instructed the jury on that subject as follows: "But it is contended, as you will observe, in this case that the injury may have been occasioned, not by the fall, but by the dragging of the plaintiff. That circumstance enables me to give you this instruction: Even if the plaintiff was guilty of negligence in attempting to get on the car while it was in motion, yet if the jury find from the evidence in the case that the driver was notified that the plaintiff had fallen and was being dragged at the tail of the car, and the jury also find that the driver could have avoided the injury by the exercise of reasonable care, then the defendant is liable." It is upon the theory set forth in this instruction that the plaintiff sought a verdict in this case, and it is very clear that there is no evidence even tending to show that the plaintiff was not in the exercise of such care as it was possible for him to exercise after he fell and was caught by his finger. The material question in the special verdict was the sixth question, viz.: "Was the driver of the car guilty of negligence in not stopping the car when he was notified that the plaintiff had fallen?" The instructions above quoted, and to which exceptions were taken, have peculiar reference to this question, and, as we think, must have been understood by the jury as tantamount to a direction to find that the driver was not guilty of negligence in not stopping the car, because the evidence was conclusive that he could not control it at the place where the accident happened.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for a new trial.

See note to this case in 38 N. W. Rep. 347.— REP.