OLINE HANSON *vs.* MICHAEL JOHNSON ELTON.

June 11, 1888.

**Breach of Promise of Marriage—Statute of Limitations—Damages.—**
Evidence *held* to sustain the verdict. Damages, in an action for breach
of promise to marry, *held* not excessive. Various unimportant alleged
errors disposed of.

Appeal by defendant from an order of the district court for Fill-
more county, *Farmer, J.,* presiding, refusing a new trial after a ver-
dict of $2,500 for plaintiff.

*C. Wellington* and *Gray & Thompson,* for appellant.

*H. R. Wells,* for respondent.

· GILFILLAN, C. J. This was an action for a breach of an agree-
ment to marry. The cause of action on such a contract, as upon
any other contract, arises at the time of the breach, and not at the
time of making the contract, and the time limited by statute for
bringing the action begins to run from the breach. On this ground,
even if there were no other, the objection to evidence offered by plain-
tiff, tending to prove an agreement to marry more than six years be-
fore the action was brought, was not well taken. And the same con-
sideration justified the court's refusal of leave to amend the answer ·
by pleading the statute of limitations. On no view of the evidence
could such an answer have had any effect; for while there was, per-
haps, some slight evidence tending to show a promise more than six
years before the action, there was none to show a breach. Such evi-
dence as there was, tending to show a breach, all related to a time
within the six years. ·

There was evidence enough, both as to the promise and the breach,
to make the case one for the jury, and to sustain their verdict in
favor of plaintiff. Measuring it by the evidence as presented on the
record, the verdict seems a large one; but there are in such cases
some things apparent to the jury and the trial court which the jury
may consider in explanation of the evidence, such as the appearance
and demeanor of the parties on the trial and on the witness stand if
they testify, that cannot go upon the record for our information.

Though the verdict seems large, we cannot say it is excessive in such sense as to justify us in setting it aside after the trial court has declined to do so.

When the relations and conduct of the parties towards each other, for several years, as testified to by both of them, are considered, the remark of the court below, "that a marriage contract performed would have been a great credit to both of the parties," was very just; and as it does not state any proposition of law, nor express any opinion upon the issues of fact, it is not liable to criticism here.

The exception towards which the fifth assignment of error points, seems to have been taken to the court's ruling excluding evidence offered by defendant, (the fact was subsequently proved,) and not to what the court said in making the ruling. Had it been directed to the latter, it ought to have specified to which of several propositions, contained in what was said, it was intended to apply. We cannot consider it.

The exclusion of the evidence of the witness Thompson, even had it been error, could not have prejudiced, for the terms of the settlement between the parties appeared by the writings introduced; and what Thompson said to plaintiff as to what was included in the settlement, there being no attempt to impeach the settlement, was entirely immaterial, and whether he said what plaintiff testified to was immaterial.

Order affirmed.