# PROVIDENCE COUNTY.

MARGARET E. KELLEY *vs.* EDWARD L. BRENNAN.

A declaration in *assumpsit* for breach of a promise to marry averred the female plaintiff's readiness to marry the defendant but did not aver an offer on her part to marry. At the trial the evidence showed a refusal by the defendant before the action was begun.

On motion in arrest of judgment after verdict for the plaintiff:

*Held,* that the defendant's refusal made an offer on the plaintiff's part unnecessary and hence made an averment of such offer unnecessary.

Because the plaintiff on the one side and the contradicting defendant on the other side are the only witnesses it does not follow that there is no preponderance of evidence on either side. The jury is to judge of the credibility of the witnesses.

DEFENDANT'S petition for a new trial.

This action was *assumpsit* alleging breach of a promise to marry, brought and tried in the Court of Common Pleas.

*October* 29, 1892. PER CURIAM. After the rendition of the verdict, the defendant moved in arrest of judgment because the declaration averred no offer on the part of plaintiff to marry the defendant, but only averred that she was ready and willing to do so. The court overruled the motion and the defendant excepted.

It may be true that in cases in which the promise to marry is general, that is, in which no time or place of marriage is fixed in the promise, or in which the promise is to marry within a reasonable time, or upon request, and in which, also, the defendant has not married another, it is necessary for the plaintiff to aver and prove an offer of marriage and a refusal by the defendant, since in such cases it may not be possible for the plaintiff otherwise to show that the defendant is in default. *Burks* v. *Shain*, 2 Bibb, 341; also 5 Amer. Decis. 616; *Fible* v. *Caplinger*, 13 B. Mon. 464; *Burnham* v. *Cornwell*, 16 B. Mon. 284; *Gough* v. *Farr*, 2 Car. & Payne, 631; Oliver's Precedents, 2d ed. 288, note. But in the note last cited it is said that if after an engagement to marry and the lapse of a reasonable time, or the time agreed upon between the parties, the gentleman omits to offer to marry, it is generally considered a refusal to marry, and the language of the court in *Seymour* v. *Gartside*, 2 Dowl. & Ry. 55, is quoted, that it can hardly be expected that a lady should say to a gentleman, "I am ready to marry you, pray marry me." This latter point, however, it is not necessary for us to determine, for the testimony shows a positive refusal by the defendant to marry the plaintiff before the suit was begun. Such refusal was a breach of the defendant's engagement to marry the plaintiff and dispensed with the necessity for an offer on the part of the plaintiff to marry the defendant before bringing suit, if such an offer would otherwise have been necessary. In *Gough* v. *Farr*, 2 Car. & Payne, 631, the defendant, when asked by the plaintiff's father if he intended to marry the plaintiff, replied, "Certainly not," and it was held sufficient to enable the plaintiff to maintain her action; the declaration of intention not to marry being tantamount to a refusal. We are of the opin-

ion, therefore, that the refusal of the defendant to marry the plaintiff entitles her to maintain her action without proving an offer on her part to marry the defendant, and, of course, if it was unnecessary to prove such an offer, it was unnecessary to aver it in the declaration.

The defendant also contends that the verdict is against the evidence. This contention rests upon the assumption that, as the evidence for the plaintiff in support of the alleged promise consisted merely of her own testimony, which was denied by the defendant, there was no preponderance of evidence in her favor. It does not follow, however, that because there was only the testimony of the plaintiff on one side and that of the defendant on the other, that there was no preponderance of the evidence in favor of the plaintiff. The question of the credibility of witnesses is for the jury. The jury had these witnesses before them and there may have been that in the conduct or appearance of the plaintiff, or of the defendant, which in their judgment entitled her to belief rather than the defendant. They returned a verdict for the plaintiff and we cannot say from an examination of the testimony that they were not justified in so doing.

Defendant's petition for a new trial denied and dismissed, with costs.

*Charles H. Page & Franklin P. Owen,* for plaintiff.
*Dexter B. Potter,* for defendant.