## INEZ D. CLARK

### v.

## W. E. HODGES.

RUTLAND COUNTY, 1893.

Before : TYLER, MUNSON, START, AND THOMPSON, JJ.

*Breach of promise of marriage. Evidence. Practice.*

1. In an action for breach of promise to marry, the plaintiff may show that the visits of the defendant at her father's house were at first to the family, of which she was a member, and with which the defendant had been long acquainted, and afterwards to her alone.

2. An objection to the admission of testimony will not be considered unless it is followed by an exception.

3. Questions as to the surroundings of the main incident, which tend to fix the occasion, or to account for the conduct of the witness in the matter testified to, are largely in the discretion of the trial court, unless they materially prejudice the opposite party in matters not within their recognized purpose.

4. A neighbor might properly testify that he saw lights in the parlor on Sunday and Saturday evenings, it having appeared that the family were not accustomed to occupy that room and that it was the room in which the plaintiff received the visits of the defendant. The court will not presume that there was no evidence tending to show that these were the evenings on which the defendant made his visits, if the existence of that fact be necessary to render the evidence admissible.

5. As tending to show the pecuniary ability of the defendant upon the question of damages, the plaintiff might give in evidence a decree of the probate court, decreeing a certain sum to the defendant from his father's estate, although the

18

decree was made after the breach of the defendant's promise, if the father had deceased before, for the defendant was entitled to his share in the father's estate from the date of his decease.

Assumpsit for breach of promise to marry. Plea, the general issue. Trial by jury at the March term, 1892, Ross, CH. J., presiding. Verdict and judgment for the plaintiff. The defendant excepts. The opinion states the questions decided.

*Butler & Moloney* and *C. H. Joyce* for the defendant.

The record of the decree of the probate court was improperly admitted for the reason that no facts arising after the breach of the promise can be shown. *Holton* v. *Chapman*, 46 Conn. 607; *Wells* v. *Blodgett*, 8 Barb. 325; *Kruffen* v. *McConnell*, 30 N. Y. 285; *Rider* v. *Kelley*, 32 Vt. 268.

*Geo. E. Lawrence* and *J. C. Baker* for the plaintiff.

The pecuniary circumstances of the defendant can always be shown and upon that question the decree of the probate court was admissible. *Grant* v. *Willey*, 101 Mass. 356; *Harrison* v. *Swift*, 95 Mass. 144; *Bennett* v. *Beems*, 42 Mich. 346; *McPhearson* v. *Ryan*, 59 Mich. 33.

MUNSON, J. The defendant was a relative and neighbor of the plaintiff's father, and had long been accustomed to visit at his house. The plaintiff was permitted to inquire of her father and other members of the family what the defendant's method of making these visits had been at first, and whether at any time there was a change in his manner of visiting; and to show that while his earlier visits were with the family generally, there came a time when he and the plaintiff were accustomed to go into the parlor and visit by themselves. It is not necessary to consider whether the questions asked

were leading, for it does not appear that they were objected to on that ground. They were clearly proper as regards substance. They did not call for any matter of opinion or inference. The change referred to was merely a change in the defendant's conduct towards the plaintiff as observed by the witness. It was of course for the jury to say whether there was any change in the relations of the parties.

Inquiry was made of the plaintiff's father whether the fact of the engagement was known and talked of in the family. The question was objected to, but no exception was taken. An affirmative answer having been given, the attention of the witness was thereupon directed to a conversation participated in by the defendant. Knowledge of the fact of an engagement derived from the defendant, and conversations had with him concerning it, might properly be shown. It is possible that the question objected to as above stated was asked as preliminary to those regarding the conversation in which the defendant took part; but it is not necessary to consider whether its admission could be sustained on that ground, for an objection without exception is unavailing. No exception was taken until the witness was asked to state the conversation before referred to. These inquiries resulted in introducing evidence of a conversation between one Dorset and the defendant, in the presence of the plaintiff and the witness, in which Dorset asked the defendant about a marriage between the defendant and the plaintiff, and was told by the defendant that they were to be married.

The witness Brennan, after certain preliminary questions regarding her being called to see the defendant's father on the occasion of his sickness and being sent for the defendant, which questions were permitted without exception, was asked, subject to exception, what she did in consequence of the directions received. Questions as to the surroundings of the main incident, which tend to fix the occasion, or tend to support the witness by accounting for his conduct in the matter testi-

fied to, are largely in the discretion of the trial court. It is doubtless true that remote evidence of this character will not ordinarily be admitted if its nature be such as materially to prejudice the opposite party in matters not within its recognized purpose. The defendant insists that the course of examination allowed here was directly prejudicial to his case, in that it tended to leave in the minds of the jury an impression that his father understood his relations to the plaintiff to be such that he would probably be found at her house. But the defendant conceded that he was frequently at her house; and the disputed point was whether he was visiting the family generally, or paying special attentions to the plaintiff. The whole force of the testimony from this witness was that on arriving at the house she found the mother and sister in one room, and that the plaintiff and defendant came in from another room. If the exception noted should be treated as covering all the preliminary ground, it would be difficult to treat the reception of the evidence as reversible error.

The plaintiff was permitted to show by a neighbor that during the period of defendant's visits he frequently saw a light in the parlor on Saturday evenings and Sunday evenings. The defendant insists that this was error, on the ground that it does not appear that the defendant was in any way connected with these lights by the testimony of other witnesses. It appears that there was evidence tending to show that the family was not in the habit of passing the evening in the parlor, and that it was the room made use of by the plaintiff when receiving the defendant's visits. If it had further appeared that there was evidence tending to show that the defendant's visits were ordinarily made on the evenings named, it would not have been questioned but that the testimony regarding the lights was admissible to establish a corroborating circumstance. Assuming that this further showing was required to properly connect the defendant with the lights, it will not be presumed that the evidence which was undoubtedly

in the case as to the time of the defendant's visits, placed them on evenings other than those named. The defendant's claim cannot be sustained without ignoring the well settled rule regarding the presentation of error, in a case unquestionably proper for its application.

The defendant's father died in July, 1888. The plaintiff's evidence tended to show that the engagement was broken prior to February, 1889. The plaintiff was permitted to show by the records of the probate court that a certain sum was decreed the defendant upon the settlement of his father's estate in April, 1889. The defendant insists that as this decree was subsequent to the breach of the engagement its admission was improper. But the defendant was the owner of a share in his father's estate from the time of his death, which, so far as appears, was prior to the breaking of the engagement. The decree merely showed what the defendant realized from this pre-existing right after all charges thereon had been satisfied. We think it was evidence of which the plaintiff might properly avail herself, as tending to show the pecuniary ability of the defendant at the time the engagement was broken.

*Judgment affirmed.*