Bissell, J.,
delivered the opinion of the court.
This is an action in damages for the breach of a promise of marriage. The plaintiff not only counted on the promise and its breach, but alleged as a matter of special damage seduction and carnal intercourse by means of the promise. The defendant pleaded the general issue and the case went to trial. Practically the only evidence which the plaintiff offered with reference to the promise and its breach, or of the seduction by means of it, was her own testimony. The defendant likewise relied on his evidence alone to controvert the promise; denied the seduction, though he admitted the carnal intercourse, and offered proof to the point that this was simply a matter of assent by the plaintiff with consideration and some evidence of unchaste conduct on the plaintiff’s part with another person. The defendant’s evidence was direct in its scope and general tenor to proof of lewd conduct on the part of the plaintiff and looseness in her morals, and if his testimony was to be believed, it tended to support his contention that the carnal knowledge was a matter rather of mutual convention and consent, than as the result of any promise to marry. The case wen t to the jury which found a verdict for the plaintiff for $600.
Of the numerous errors assigned by the appellant, counsel have discussed only those which relate to certain instructions, and we shall therefore only advert to these particular matters. Pursuing generally the line of the appellant’s brief we come to the eighth assignment of error, which is based on the sixth instruction. At the outset we will observe that there will be no attempt to state these instructions, but only to give their substance, for any further extension of the opinion would neither advantage the parties to the suit, nor be of benefit to the profession. This sixth instruction was a state *79 ment of the legal proposition, that if the jury found that the ■defendant attempted to prove the plaintiff was a lewd woman .and of had character, and he had failed in this particular, and that the attempt was not made in good faith, or with any reasonable hope or expectation of success, they might take ■this fact into consideration in aggravation of the damages. All the appellant says is, that this proposition is so plainly •erroneous and so entirely unsupported by authority that the instruction was bad. Aided only by what is contained in the briefs, we cannot agree with this position. There are well considered authorities to the point that whether the defendant places the allegation on record as a part of his pleading, or whether he offers proof to support the same position, in the one case as in the other, it is a matter which the jury may consider in determining the damages, and that such conduct is a distinct matter to be taken in aggravation if the jury should so find. Thorn v. Knapp, 42 N. Y. Ct. of App. 474; Kniffen v. McConnell, 30 N. Y. 285; Reed v. Clark, 47 Cal. 194; Blackburn v. Mann, 85 Ill. 222.
The next instruction on which error is assigned contains a ■statement that the defendant had by his sworn answer denied carnal knowledge of the plantiff, and that they might take •this sworn denial in conjunction with his testimony on the trial in determining the weight and credit to be given to his testimony.
The second count of the complaint which undertook to set ■up the special damages, alleged that by sundry and divers means, and by inducements to partake of wine and other •stimulants and intoxicating beverages and by the promise of marriage, the defendant persuaded the plaintiff to have carnal intercourse with him, whereby he debauched and carnally knew her, and she became sick and pregnant. The appellant insists that this instruction is of necessity erroneous, since the general denial is a denial of the thing alleged and of carnal knowledge in the form as the pleading stated it. We ■cannot so understand the issue. It is well understood that there can be no action for seduction unless it follows and is *80 the result of a promise of marriage. Criminal intercourse being a matter of consent gives to neither a right of action, the law holds the parties as equally at fault. The first count was on the promise and the breach. The second count reiterated the promise, alleged the seduction and carnal intercourse as the result of it and procured by means of the promise. To ascertain whether the general denial controverted the carnal intercourse as an independent fact we need only consider what the plaintiff must prove in order to entitle her to recover the special damages. Premising that the promise was sustained, she must then prove that by means of it, the defendant seduced her. The seduction of necessity includes the act of carnal knowledge, and she must prove the carnal knowledge after the promise, to recover the increased damages. If the defendant was able to prove either that he never made a promise, or that the seduction did not follow the promise, or that there was no carnal intercourse, he could either defeat the action' entirely or prevent the recovery of any other damage than that which the jury should give for the breach of the contract of marriage. Under these circumstances it must be taken that the general denial denied the carnal intercourse, or the intercourse by means of the promise, which were the only important facts alleged in this count. Whatever matters are stated in the second count with respect to the use of wines, stimulants and other artifices are utterly foreign to the statement of what is necessary to enhance the recovery because the only thing that would entitle the plaintiff to recover this increased compensation was proof of the promise and seduction by means of it. We therefore conclude that the general denial did put in issue the question of the carnal knowledge, as well as carnal knowledge by means of the promise, and that it can in no sense be taken as an admission of the fact. When it came to the trial, the defendant testified that he never made the promise; that he had intercourse with the plaintiff without regard to any promise at all and by her consent, and that at numerous and divers times subsequent to the first act, he by consent and without *81 devices or promises, continued the illicit relations. His whole testimony was to the effect that the unlawful intercourse was the result of mutual consent and mutual desire, and if believed by the jury, would tend to prove that the plaintiff was a lewd and immoral person. He also gave evidence that he had seen another pérson in her room in the condition of undress, and in her bed and presumably there for immoral purposes. The defendant therefore spread on record evidence which if believed would prevent the recovery of special damages and warrant a judgment in his favor. We think the general denial put these matters in issue, that his proof was offered to support the issue thus raised, and that he cannot now be heard to say that the answer simply controverted carnal intercourse by means of the promise, and did not controvert the fact of the carnal intercourse at all. It was not the legitimate effect of the issue, nor within the general rules which are laid down respecting the construction, scope and effect of a general denial under the code. The objection respecting this instruction, therefore, is not well taken.
The ninth instruction which was asked by the defendant and refused, and on which error is assigned, proceeds on the theory that if the plaintiff and defendant did make an agreement of marriage, yet, if afterwards, the acts of illicit intercourse were committed with the consent of the plaintiff, whether at her own or at the defendant’s solicitation, occasioned no damage for which she could recover. The fundamental vice in the instruction is that it assumes that if the parties agreed to marry and afterwards had illicit intercourse with the consent of the plaintiff, she could not recover. This is not the law, because if the promise was made, and the plaintiff having agreed to marry then consented to the intercourse she might still recover, because there can be no such thing as seduction without an element of consent, for if the consent be not given the act becomes a crime. This simple suggestion disposes of that error.
The tenth instruction asked by the defendant is baseless because it assumes that if the jury should find that the plain *82 tiff had had intercourse with the defendant prior to the promise as well as afterwards that this might be taken in mitigation of damages and to that extent defeat her recovery. This does not seem to be the law because it is generally held that the criminal misconduct of the plaintiff known to the defendant before he made the promise and encouraged and participated in by him, cannot he used in mitigation of the damages. This is true with respect to damages recoverable for the breach of the promise. Espy v. Jones, 37 Ala. 379; Daggett v. Wallace, 75 Texas, 352; Butler v. Eschleman, 18 Ill. 44; Boynton v. Kellogg, 3 Mass. 188.
Whether if the instruction had been properly limited with respect to the special damages claimed it might have been error to refuse it, we do not determine, but it was not error to refuse it in the form in which it was asked because under the law it could not affect the damages which the plaintiff had a right to recover for the breach of the contract on which her action was based.
The only other matter which we need to consider to practically dispose of all the errors which have been made the subject of argument, are based on the thirteenth and fifteenth instructions requested by the defendant. These proceed on the hypothesis that where a witness has testified -to certain acts and conversation, and another witness with equal credibility has denied either the acts or the conversation and the case lacks corroborative proof, the case must of necessity fall. Both these instructions embody the same idea put in different form, and the only question is whether the court erred in refusing to give them. We do not so understand the rules of evidence. It not infrequently happens that there is but one witness on either side, and that these stand in direct opposition to each other as to the existence or nonexistence of a fact, or as to the occurrence or nonoccurrence of a conversation. It may easily happen in such a case that both witnesses are equally credible so far as their credibility is affected by their character as presumed or established, and the jury have a right to believe the one or the other as they *83 choose. The simple fact of opposition does not of necessity affect the preponderance or weight of the evidence because the question of credibility is for the jury. The witnesses are before them, they see and hear them; judge of their truthfulness by their conduct and appearance and when they return a verdict for either one side or the other, it is upon the theory that the evidence of the one witness rather than that of the other has served to convince the jury, who have become rsatisfied of their truthfulness and therefore rely on the one .statement rather than the contrary. Kelley v. Brennan, 18 R. I. 41; Lowden v. Morrison, 36 Ill. App. 495.
This is the general rule because the question of credibility is entirely with the jury and the question of preponderance is not solely determined by the number of witnesses who may be opposed, and the jury have a right to believe whom they may choose. The instructions lacked any limitation in these particulars and as asked were correctly refused.
None of the errors assigned and argued are well laid, and since the appellant has failed to point out error which can be taken as materially affecting the judgment, it must be affirmed.

Affirmed.