## EMMA RIME v. JOHN T. RATER, Appellant.

**Breach of Promise:** DEMURRER: *Statute of limitations.* An allegation of a promise to marry sometime during the year, and that the promise was broken "before the winter of 1894." is not 1 demurrable because of the statute of limitations. That statute does not begin to run until breach where, as here, the promise is general, and, therefore, continuous; and the petition does not state the exact date when the breach occurred.

STATUTE OF LIMITATIONS. Assuming (but not deciding) that action on breach of promise is barred in two years, it was not error to refuse a charge that plaintiff's action was barred, when the original petition did not fix the date of breach and an amendment averred 2 postponment from time to time to a date more than two years after the promise, and a renunciation of the promise then, the court having instructed that plaintiff could not recover unless refusal to marry was made at said last date, the only one definitely fixed in the pleading, no other breach being relied on,

EVIDENCE. Direct evidence of the promise is not required. It may be inferred from behavior during a period of years, and is often made out by attentions shown, exchange of presents, purchase of clothing and preparation for the marriage relation.

*Same.* Witness may state what defendant said in a letter to plaintiff, part only of which he saw, loss of the letter being shown.

*Same.* Evidence of the wages of an engineer on a certain railroad is admissible, in action for breach of promise to marry, to show defendant's ability to earn money, and the condition in life which plaintiff might reasonably have received in consummation of the contract, defendant at one time having been such engineer.

*Harmless error.* Admission of testimony is without prejudice. the same state of facts having been testified to by another without objection.

*Same.* Testimony of witness in action for breach of promise that defendant paid plaintiff a good deal of attention is admissible; but, if not, is without prejudice, where witness fully explains what she means, and states what defendant did to show his affection.

*Mental suffering.* Plaintiff's testimony as to her mental suffering is admissible in an action for breach of promise.

*Refusal.* Action for breach of promise to marry will lie, without request on plaintiff's part, where defendant refused to marry plaintiff.

*Cross-examination.* The evidence of wages received being admissible, only, to show ability to earn money, and the condition in life which plaintiff might reasonably have attained by the marriage, it is not proper cross-examination to inquire whether defendant was blacklisted during a railroad strike.

DAMAGES. Proofs of specific elements of damage are not necessary in an action for breach of promise, and some recovery is surely warranted where evidence of mental suffering is without conflict.

DEFENSES. That plaintiff was hysterical or subject to nervous or convulsive fits, is no defense to the action. (Held, *arguendo*-REPORTER.)

*Appeal from Davis District Court.*—HON. T. M. FEE, Judge.

FRIDAY, APRIL 7, 1899.

ACTION for breach of promise of marriage. Trial to a jury, verdict and judgment for plaintiff, and defendant appeals.—*Affirmed.*

*Steck & Smith* for appellant.

*Payne & Sowers* for appellee.

DEEMER, J.—This action was commenced on the 16th day of February, 1897, and the petition alleges a promise to marry some time during the year, but before the winter of 1894, a breach thereof, and a refusal of the defendant to comply with his promise. Defendant demurred to the petition on the ground that the action was barred by the statute of limitations. This demurrer was overruled and exceptions duly taken. Thereupon defendant filed an answer denying the allegations of the petition, pleading the statute of limitations, and further alleging that for a long time plaintiff has been hysterical, and subject to nervous and convulsive fits, which fact was unknown to defendant until the last time he was in her company; and that, by reason of her condition, she would not make a suitable or desirable wife. During the course of the trial plaintiff filed an amendment to her petition, in which she alleged that in November, 1894, at defendant's request, the marriage was postponed until the spring of 1895, and that when springtime came defendant said he would come and see her in June; that defendant did not come to see her in June, or make any further arrangements until November of the year 1896, at which time he informed plaintiff that he would not marry her. To this amendment defendant interposed a general denial.

Defendant contends that his demurrer should have been sustained, and he bases his claim upon subdivision 1 of section 2529 of the Code of 1873 (the action having been tried before the adoption of the new Code), which reads as follows: "Actions founded on injuries to the person or reputation, whether based on contract or tort or for a statute penalty, [shall be barred] within two years [after their cause accrues]." It will be observed that the original petition did not state the exact date when the breach

occurred. The promise was general, in which no exact time was fixed, and was therefore continuous, and the statute did not begin to run until a breach thereof, either by one of the parties having put it out of his or her power to perform, by marrying another, or by notice of a purpose not to perform, or by an absolute refusal to perform. *Blackburn v. Mann,* 85 Ill. 222; *Kelly v. Renfro,* 9 Ala. 325; 44 Am. Dec. 441. As a general rule, if the date for the marriage is not definitely fixed, there is no breach until request be made, or until one or the other of the parties has put it out of his power to perform. *Prescott v. Guyler,* 32 Ill. 323; *Shellenbarger v. Blake,* 67 Ind. 76; *Holloway v. Griffith,* 32 Iowa, 409; *Fible v. Caplinger,* 13 B. Mon. 464. As the petition did not state the exact time of the breach, but counted upon a promise which was continuing, there was no error in overruling the demurrer.

Defendant also asked instructions to the effect that, if the breach occurred more than two years prior to the bringing of the suit, plaintiff's action was barred, and she could not recover. These instructions were refused. In this there was no error; for plaintiff, in the amendment to her petition, alleged a postponement of the time for marriage from time to time, until the renunciation by the defendant of his promise, in the year 1896. This is the first and only pleading which fixed the time for the breach, and the trial court correctly instructed that plaintiff could not recover unless she established the defendant's refusal to marry at or about November of the year 1896. As defendant denied the promise of marriage, and as plaintiff did not claim a breach at any other time than the one stated, the instructions given were correct, and there was no error in denying defendant's requests. If it be conceded that the court was in error in overruling defendant's demurrer to the original petition, the error was without prejudice, by reason of the matters just recited. We are not to be understood as holding that the action was barred in two years from the time the cause thereof arose. To say the least, this is a debatable

proposition, and one on which the authorities are not wholly agreed. But see *Hanson v. Elton,* 38 Minn. 493 (38 N. W. Rep. 614). We simply say that, conceding the statute relied upon applies, there was no error in overruling the demurrer and denying the requests for instructions.

II.   Next it is insisted that the verdict is not sustained by sufficient evidence. While it must be conceded that the courtship was very Platonic in character, and that the evidence as to promise is largely circumstantial and inferential, yet we think there was enough to sustain the verdict. Direct evidence of such a promise is not required. It may be inferred from the conduct and behavior of the parties, extending over a period of years, and is often made out by evidence of the attention paid by the one to the other, exchange of presents, purchase of clothing, and preparation for the marriage relation. *Thurston v. Cavenor,* 8 Iowa, 155; *Royal v. Smith,* 40 Iowa, 617; *McConahey v. Griffey,* 82 Iowa, 564.

III.   It is said that there is no evidence that plaintiff was ready and willing to marry the defendant, and no showing that defendant refused to marry her. There was evidence tending to show that defendant refused to marry plaintiff in November of the year 1896, and the jury must have found that such fact was established, for the instructions required them to so find before returning a verdict for plaintiff. If the defendant did refuse to marry plaintiff, then no request on her part was necessary. *Coil v. Wallace,* 24 N. J. Law, 291; *Kelley v. Brennan,* 18 R. I. 41 (25 Atl. Rep. 346); *Olson v. Solverson,* 71 Wis. 633 (38 N. W. Rep. 329); *Kurtz v. Frank,* 76 Ind. 594.

IV.   A witness was permitted to state, over defendant's objections, the wages of an engineer on the Wabash Railroad. It appears that defendant was at one time such an engineer. This evidence was proper, for the purpose of showing defendant's ability to earn money, and the condition in life which plaintiff might reason-

ably have received by a consummation of the contract. *Stratton v. Dole,* 45 Neb. 472 (63 N. W. Rep. 875). As another witness testified to the same state of facts without objection, there was no prejudice, in any event. As the evidence was admissible for this purpose alone, the court did not err in denying to defendant the right to cross-examine the witness as to his (defendant's) being blacklisted at the time of the strike, in July, 1894. In any event it was not cross-examination. *Lawrence v. Cooke,* 56 Me. 187. Another witness testified that defendant's father owned a farm of two hundred acres at the time he died; that he had never heard of defendant's disposing of his interest; and that he lived on the farm ever since his father's death, except when railroading. True, much, if not all, of this evidence was hearsay, but its admission was without prejudice, because of the fact that one of the defendant's own witnesses testified to practically the same state of facts without objection. It seems to be well settled that defendant's interest in his father's estate was a proper matter of inquiry. *Clark v. Hodges,* 65 Vt. 273, (26 Atl. Rep. 726). The authorities seem to hold, without dissent, that defendant's reputed wealth is a proper matter of inquiry in an action for breach of promise. *Geiger v. Payne,* 102 Iowa, 581; *Reed v. Clark,* 47 Cal. 194; *Hunter v. Hatfield,* 68 Ind. 422; *Chellis v. Chapman,* 125 N. Y. 214, (26 N. E. Rep. 308); *Oritz v. Navarro,* 10 Tex. Civ. App. 195 (30 S. W. Rep. 581).

Plaintiff was asked as to why she did not preserve certain letters she received from defendant. Her answer to the question was hardly responsive, but the answer was without prejudice. Plaintiff was also asked as to mental pain and suffering caused by defendant's inattention during the summer of the year 1895, and also after the alleged breach of promise. This was objected to, but the objection was overruled, and she stated that she did suffer mentally. This evidence was proper. *Robinson v. Craver,* 88 Iowa, 381.

A witness was permitted to state that defendant paid plaintiff a good deal of attention. Such evidence was admissible. *Pelamourges v. Clark*, 9 Iowa, 17. In any event, the answer was without prejudice, for the witness explained fully what she meant, and stated what the defendant did to show his affection. Another witness was permitted to state what he said in a letter received by plaintiff from defendant, part of which only he saw. Loss of the letter was fully shown, and we think there was no error in admitting the evidence, although he did not read the entire letter.

V. In the sixth and seventh instructions the court told the jury that, if plaintiff had established the contract and its breach, then she was entitled to recover, and that the verdict should be in her favor for some amount, to be fixed by them. These instructions were correct. Plaintiff was surely entitled to nominal damages, and the evidence shows, without conflict, that she suffered mental anguish. Proof of specific elements of damage was not required, and the whole matter was, of necessity, left largely to the sound discretion of the jury.

There was no evidence that plaintiff was hysterical, or subject to nervous or convulsive fits, and the trial court correctly refused to submit that issue to the jury. If there was such evidence, it would not be a defense to the action. *Simmons v. Simmons*, 8 Mich. 318.

Some other errors are assigned, which are not of sufficient importance to be noticed in an opinion. They are all disposed of in what has already been said, and require no further mention. There is no prejudicial error in the record, and the judgment is AFFIRMED.