For the reasons stated, the judgment appealed from must be *reversed.*

---

STATE OF IOWA, EX REL. LIZZIE MUNDT, Appellee, v. HENRY MEIER, Appellant.

**Bastardy:** EVIDENCE. The State should not be permitted to show in a bastardy proceeding the extent of the property owned by defendant's father.

**Same.** Communications between a relator in bastardy proceedings and her attorney not in the presence of defendant or anyone representing him, and made after a settlement and payment of money to her for a dismissal of the case, are inadmissible in a subsequent action to compel defendant to support the child.

**Evidence.** Where the relator in bastardy proceedings to compel the support of the child testified that she did not, at the time of its execution, know the contents of an instrument by which she dismissed a prior action for seduction on payment of a specified sum, her cross-examination as to a return of the money and repudiation of the agreement after discovering its contents should have been permitted.

**Same.** A defendant in bastardy proceedings may show intercourse of plaintiff with others at or about the time of conception.

**Prejudicial Remark by Court.** It was prejudicial error for the court to remark, when defendant in bastardy proceedings was asking an attachment for a witness whom he claimed would testify that he had had intercourse with relator, "Get the warrant, I would like to see him."

**Misconduct in Argument.** Resemblance of the child to defendant is not a proper subject of comment in argument to the jury in a bastardy proceeding, where there is no evidence in the record relating thereto.

**Bastardy:** EVIDENCE. Affidavits of parties stating that they had had intercourse with relator in a bastardy proceeding, which were read to her and admitted to be true, should have been received in evidence.

**Same:** INSTRUCTION. Where there was evidence that relator had had intercourse with three parties other than defendant, it was erroneous for the court to instruct that there was evidence of intercourse with one other.

**Instructions.** Where the relator had admitted signing an instrument it was erroneous to submit that issue to the jury.

**Bastardy:** CONSTRUCTION OF WRITING: EVIDENCE. An instrument executed by relator acknowledging that defendant did seduced her, as charged in her action against him for seduction, and reciting a dismissal of the action upon payment by defendant of a specified sum, is held to have been a receipt rather than a contract, and admissible in subsequent bastardy proceedings as an admission of defendant's innocence. It is also held under the evidence that the question of whether the instrument evidenced a settlement of simply the seduction action, or the bastardy proceedings as well, was properly submitted.

**Bastardy:** SETTLEMENT. The mother of an illegitimate child by a fair settlement with the putative father may preclude both herself and the county from maintaining a bastardy proceeding.

**Same:** INSTRUCTION. An instruction which has no support in the evidence should not be given.

**Same.** An offered compromise and settlement of bastardy proceedings not fully consummated is not provable.

*Appeal from Crawford District Court.*—HON. Z. A. CHURCH, Judge.

THURSDAY, DECEMBER 17, 1908.

THIS is a bastardy proceeding in which it is sought to compel defendant to support the illegitimate child of relator, Lizzie Mundt. There was a trial to a jury, resulting in a verdict of guilty and an order for support. Defendant appeals.—*Reversed.*

*P. W. Harding,* for appellant.

No appearance for appellee.

DEEMER, J.—Defendant is charged with being the father of an illegitimate child born to Lizzie Mundt on or about May 4, 1901. He denies that he is the father of the child, and in his answer pleaded a settlement with the relator, whereby she, in consideration of the payment of .$100, acknowledged satisfaction of all demands, and released him of all liability growing out of the matters complained of. The case was tried to a jury, resulting in a verdict of guilty. The court rendered judgment on this verdict in the sum of $1,200 for the support and maintenance of the child. Something like forty errors are assigned, and the argument is directed to practically all of them. It is manifest that it would be impossible to cover each and all of these without unduly extending the opinion. We shall deal only with those which are deemed controlling and material, and first with those relating to the admission and rejection of testimony.

· Over defendant's objections, plaintiff was permitted to show how large a farm defendant's father owned. This was manifestly immaterial, and certainly prejudicial. *State v. Seevers,* 108 Iowa, 744.

Some time after the alleged intercourse which resulted in the birth of the child, and before the birth of the child, the parties met, and in consideration of the sum of $100 paid to relator and $100 paid to her attorney, she, relator, signed the following paper:

I hereby acknowledge that Henry Meier, son of Adolph Meier, of Charter Oak, Iowa, is innocent of the crime of seduction charged against him by me; and I further state that he has always conducted himself towards me in a proper and gentlemanly manner at all times, and I herewith dismiss the suit for seduction brought against him by me, alleging that I was seduced by him during the year 1900; the consideration of said dismissal being that said Adolph Meier pays me the sum of $100, the receipt whereof I hereby acknowledge, and Mr. Meier to pay the cost of my attorney's fee to Mr. Good

win for investigating this case. This settlement is made to cover any and all claims that I now have or any that I may claim to have against said Henry Meier, and he is hereby released by me from all claims of every name, and any for breach of promise or otherwise, he at no time having promised to marry me or ever had sexual intercourse with me. (Signed) Lizzie Mundt. Charter Oak, Iowa. January 31, 1901.

Over defendant's objections relator was permitted to prove what her attorney said to her when he paid her the money. This was not said in the presence of the defendant or of any one representing him, and was a declaration to the effect that after the child was born she was to get five or six thousand dollars more. This was not said at the time the paper was signed, nor was it a part of the transaction, but a declaration made by relator's counsel after the event, without any sort of authority from defendant. The testimony should not have been received.

Relator claimed that she did not learn the contents of the paper until some time after it had been signed. She was asked if after she discovered what it contained she returned the money received, or did anything to notify defendant that she would not be bound by the agreement. Objection to this matter sought to be brought out on cross-examination was sustained. It should have been overruled. Relator was claiming that she did not know what was in this paper, that she thought it was a mere receipt to be followed by other payments in the event the child which she was then carrying was born alive. In view of her claim, the matter sought to be elicited was certainly proper cross-examination.

The trial court unduly limited defendant in his attempt to show that relator had had intercourse with other men at or near the time when the child was conceived. We need not set out the testimony which was rejected.

It is sufficient to say that it tended to show intercourse with relator in August and September of the year 1900. That it is proper to show intercourse with other men at or about the time of conception is too well settled to require argument or citation of authority.

Certain remarks made by the trial court during the introduction of testimony tending to discredit the witnesses should not have been made. ·For instance, when defendant was asking an attachment for an absent witness, the trial court, after defendant's counsel had stated that the witness would testify to intercourse with relator during the years 1899 and 1900, said: "Get the warrant. I would like to see him."

Plaintiff sought to prove during the course of the trial that the child resembled defendant. It was then about one year old. Objections to this line of testimony were sustained; but when counsel for relator came to argue the case he took the child in his arms, exhibited it to the jury, and commented upon the·resemblance which it bore to defendant. This was manifestly erroneous, and the error could not be cured by an objection to the argument. State v. Danforth, 48 Iowa, 43; State v. Harvey, 112 Iowa, 416.

Relator declared that the contents of certain affidavits which had been read to her were true. These affidavits were then offered by defendant, but upon objection were excluded by the trial court. They were from parties who claimed to have had intercourse with her, and they should have been received. The intercourse referred to in these affidavits was said to have occurred about the time the woman became pregnant, and as she had declared the statements were true they should have been admitted.

II. The trial court instructed the jury that there was some evidence that relator had had intercourse with another man, and told them the purpose of such testimony. As .there was evidence to the effect that she had had

intercourse with three other men, the instruction was erroneous.

The court also submitted to the jury the question as to whether or not relator signed the contract or receipt above set out. This was error, as the relator admitted signing it.

Appellant's counsel contend that the paper introduced by them was a contract and not a mere receipt, and that the trial court was in error in holding it to be a receipt and so instructing the jury. We think the paper was a receipt, and not a contract; but it also contained admissions or declarations which were admissible in evidence showing or tending to show that defendant was not the father of the child. Being a receipt, it was subject to explanation, and the trial court did not err in leaving the question of the settlement of the bastardy proceedings to the jury. At the time the receipt was given relator had brought suit for breach of promise of marriage and for seduction, and it was for the jury to say whether or not the money was paid and the receipt given in settlement of these actions, or of these and the bastardy proceedings as well. The rule established by our cases is that the mother of an illegitimate child may by a fair settlement with the putative father, upon a reasonable consideration, preclude herself and the county from the right to maintain such a proceeding as was here instituted to secure the maintenance of her child. The trial judge so instructed in this case, and there was no error in this respect.

This, among other instructions, was given by the trial court: "There is some evidence before you that the attorney for defendant advised the prosecuting witness not to accept a settlement of one thousand dollars, which it is claimed was offered to her by the father of the defendant in his presence to settle her claim, and if you find from the evidence that the attorney for defendant, and L. E. Goodwin, the attorney for the plaintiff, acted in

concert to in any manner mislead this plaintiff, and she was by reason thereof in fact misled and deceived, and that by reason thereof she was induced to sign the receipt known as 'Exhibit A,' then you are instructed that said receipt is in no manner binding upon her, and you must disregard it." There is no testimony in the record to justify such an instruction, and if there had been testimony offered regarding a compromise or settlement not fully consummated it would have been inadmissible. *State v. Lavin,* 80 Iowa, 558.

For some reason we have not been favored with a brief by appellee's counsel, and the record is in a very unsatisfactory condition. The errors we have pointed out are manifest, and some other rulings are doubtful, but in the absence of full argument we do not think it necessary to consider them.

The judgment must be, and it is, *reversed.*