MARY OLSON, Appellee, v. BEN RICE, Appellant.

Seduction: PREVIOUS CHASTE CHARACTER. An unmarried woman may
1 recover damages for seduction although not of previous chaste
character: and where she does not put her previous character in
issue refusal to instruct that a verdict should be returned for
defendant upon a finding that she is not a woman of chaste
character is proper.

Seduction: CORROBORATION : INSTRUCTION. The statutory rule requiring
corroborating evidence in cases of seduction applies only to a
criminal prosecution and not to a civil action for damages; and
error of the court in failing to state the rule as strictly as might
be required in a criminal prosecution, is not a matter of which
the defendant in a civil action for damages can complain.

Seduction: DAMAGES : LOSS OF CHARACTER. In a seduction action for
damages where the plaintiff's previous chaste character is not
put in issue by the pleadings, nor submitted to the jury, although
evidence on that issue is received without objection, an instruc-
tion permitting the jury to consider loss of character in deter-
mining plaintiff's damages is erroneous.

Evidence: IMPEACHMENT OF WITNESS. Although the testimony of a
witness who has been impeached may be corroborated by other
unimpeached witnesses, still the testimony of the impeached wit-
ness is not as a matter of law to be taken as true.

*Appeal from Cedar District Court.*—HON. B. H. MILLER,
Judge.

TUESDAY, JANUARY 12, 1909.

ACTION for damages for alleged seduction. Verdict
and judgment for the plaintiff for $3,500. Defendant ap-
peals.—*Reversed.*

*W. N. Treichler* and *France & Rowell,* for appellant.

*Wright, Leech & Wright,* for appellee.

EVANS, C. J.—The plaintiff alleged her seduction by
the defendant. She averred that she was an unmarried
woman, but did not aver that she was of previous chaste
character. The answer was a general denial. Notwith-
standing the want of averment in the petition as to pre-
vious chaste character, considerable testimony found its
way into the record on that question. It may be said,
also, that there was much testimony tending to show want
of chastity on the part of the plaintiff at and previous to

the time of the alleged seduction. At the close of the evidence the defendant asked the court to instruct the jury that, if it should find that at the time of the alleged seduction, or previous thereto, the plaintiff was not a woman of chaste character, then she can not recover. Substantially the same request was made in instructions numbered 3 and 4. The court refused to give either instruction. Of this refusal the defendant now complains. He also contends that the petition failed to state a cause of action, because of its failure to allege previous chaste character.

This contention can not be sustained; nor was there any error in the refusal of the court to give the instruction asked for. In this State an unmarried woman may recover damages for her own seduction, even

1. SEDUCTION: previous chaste character.

though she be not of a previous chaste character. *Smith v. Milburn,* 17 Iowa, 30. Previous chaste character is therefore not a necessary element of her case as a matter of law. If she was not of previous chaste character, such fact would affect the amount of her damage, and eliminate elements which would otherwise enter into the measure of damage. For instance, she would not be entitled to recover for "loss of character." *Smith v. Milburn, supra.* In presenting her petition in this case the plaintiff elected not to put her character in issue on that question. She was within her rights in so doing. The court, therefore, rightfully refused to instruct the jury as requested by the defendant in that regard.

II. In instruction No. 5 the court instructed the jury that the plaintiff could not recover upon her own testimony unless it be corroborated. It instructed the jury,

2. SEDUCTION: corroboration: instruction.

also, that such corroboration might be made by circumstantial evidence, and enumerated, in a general way, the circumstances which might be considered for the purpose of corroboration. The appellant complains of this instruction, and urges that

there was no sufficient corroboration, and that a verdict
should have been directed for the defendant for want of
corroboration. The rule requiring corroborating evidence
in proof of seduction is statutory. It applies only to
criminal prosecutions. It has no application to a civil
case. *State v. McGlothlen,* 56 Iowa, 544. The defendant
was entitled to no instruction on the subject of corrobora-
tion. He asked for such instruction, although not in the
form in which it was given. The instruction as given,
laid a greater burden upon the plaintiff than the law im-
posed upon her. Therefore, even though it failed to state
the rule as strictly as might be required in a criminal
prosecution, it was in no sense prejudicial to the defend-
ant.

III. In instruction No. 10 the court enumerated the
elements of damage which the jury should consider, of
which "loss of character" was one. The defendant com-
plains of the instruction in this respect.

3. SEDUCTION:
damages: loss
of character.

In this respect the instruction was er-
roneous. In view of the fact that the
question of the previous chaste character of the plaintiff
was fully gone into in the testimony, without objection
from either party, we have considered much whether we
should not treat the case as having been tried on the
theory that the petition contained an averment of previous
chaste character. But the instructions of the court as a
whole foreclose us from so doing. In the fourth instruc-
tion the court instructed the jury that the law presumes
the plaintiff to have been of previous chaste character, and
that the burden is upon the defendant to show otherwise.
The jury, however, was not directed to pass upon the ques-
tion for any purpose; nor was it instructed to disregard
the question. The jury might imply that it was expected
to pass upon it. But it received no other instruction on
that question. The rule of measure of damages was stated
without any reference to such question. Indeed the in-

structions wholly fail to state to the jury what were the necessary elements of plaintiff's case. They did not define what constitutes a seduction, nor what constitutes an unchaste character. The issues were stated substantially in the language of the pleadings. Just what was incumbent upon the plaintiff to prove in order to maintain her case is not stated at all, nor referred to in any way, except in the first sentence of instruction No. 6, on the subject of preponderance of evidence, which is as follows: "The burden is upon the plaintiff to prove, by a preponderance of evidence, the facts upon which her action is based." In view of the fact, therefore, that the question of plaintiff's previous chaste character was not put in issue by the petition, nor submitted to the jury by any instruction, we must treat the case as one wherein the plaintiff is permitted to recover regardless of her previous character. In the form in which the case was submitted to the jury the plaintiff was allowed to recover for "loss of character," even though she was of previous unchaste character. As already indicated, this was error.

IV. In view of the fact that there must be a reversal of the case for the error pointed out in the foregoing division of this opinion, we deem it proper to call attention to a palpable error apparently overlooked by appellant's counsel. Testimony was introduced, on the part of the defendant, impeaching the general moral character of the plaintiff and some of her witnesses. In dealing with this subject in instruction No. 7 the court stated: "And you are further instructed that, although a witness may be impeached, yet if her testimony is corroborated by a witness, or witnesses, who is not impeached, then such testimony should be taken by you as being true." In dealing with the same subject in instruction No. 9 the court further stated: "And you are further instructed that, if a witness, although impeached, is corroborated by an unimpeached witness, or witnesses, that the

4. EVIDENCE: impeachment of witness.

impeachment then has failed." We know no rule of evidence which justifies such statement. We do not ordinarily take notice of errors not pointed out and argued by appellant. We depart from our rule in this instance lest the same error find its way into the record in a future trial, and be presented to us on a future appeal in the same case.

Other questions have been argued by appellant's counsel, but they are of such a nature that they are not likely to arise upon another trial.

The labors of the court have been much increased in this case because of a failure of appellee to file an argument. The magnitude of this case would have warranted some effort, on the part of counsel for appellee, to aid the court in its investigation of the questions presented by the appellant.

Because of the error first pointed out, the judgment below must be *reversed*.