WINIFRED McKENZIE v. J. B. GRAY, Appellant.

**Marriage and Divorce:** BREACH OF PROMISE OF MARRIAGE: LIMITATIONS: INSTRUCTIONS. Where the plaintiff in an action for the breach of a marriage contract pleaded and relied upon a continuous engagement for several years prior to 1906, and alleged that defendant's promise was not broken until his marriage to another in that year, and defendant denied the contract, but offered no evidence of a promise and its subsequent breach that would start the running of the statute of limitations, a special instruction as to the statute was not necessary.

**Same:** DAMAGES: INSTRUCTIONS. An instruction on the question of damages in a breach of marriage contract to the effect that the jury might consider the pecuniary advantage of the marriage to the plaintiff; the advantages of such a home as would be suitable for the wife of defendant with his means and station in life; and that in determining these questions the wealth of defendant as shown by the evidence should be considered, was proper, and not subject to the objection that it permitted the jury to take into consideration her possible dower interest; and there was no error in the court's refusal to instruct that the jury should not consider her possible dower interest in determining her damages.

*Appeal from Polk District Court.*—HON. W. H. McHENRY, Judge.

Tuesday, March 16, 1909.

Rehearing Denied Saturday, June 5, 1909.

Suit to recover damages for a breach of promise of marriage. There was a verdict and judgment for the plaintiff. The defendant appeals.—*Affirmed.*

*Bradshaw & McClain,* for appellant.

*Jno. M. Hemingway* and *J. K. Macomber,* for appellee.

Sherwin, J.—The plaintiff pleaded a promise of marriage made in 1893, and alleged that the engagement continued until the defendant's marriage to another in 1906, at which time the breach of promise was alleged to have occurred. The defendant denied that he had ever promised to marry the plaintiff, and alleged that the cause of action stated by her "did not accrue within the period of years next preceding the commencement of plaintiff's action required for such cases by the statute of limitations." The appellant contends that the statute of limitations was pleaded by him, and that the court erred in not specifically instructing the jury relative thereto. The plaintiff did not plead, or offer evidence tending to show, that a definite time was fixed for their marriage. On the contrary, she pleaded a continuous engagement, extending from 1893 to the time of the defendant's marriage in 1906, and alleged that the defendant's promise to marry her was not breached until his said marriage in 1906. The defendant denied that a promise of marriage between them had ever existed. He offered no evidence tending to show a promise and a subsequent breach thereof that would start the statute of limitations. The plain-

1. Marriage and divorce: breach of promise of marriage: limitations: instructions.

tiff's evidence supported her claim of an engagement as early as 1893, and that it had continued until the defendant's marriage in 1906, made it impossible for him to fulfill his promise. The court instructed that the plaintiff could not recover, except upon proof of the promise and its continuance until such marriage in 1906. The only issue presented and tried related to a breach in 1906, and a special instruction as to the statute of limitations was unnecessary. *Rime v. Rater,* 108 Iowa, 61.

There was evidence showing that the defendant owned considerable property, and on the question of damages the court, in effect, instructed that the jury might consider the pecuniary advantage to the plaintiff of the marriage; the money value or worldly advantage that the marriage would have given to the plaintiff; the advantage of such a domestic establishment as would be suitable to plaintiff as the wife of a person of the defendant's estate and station in life. The jury was then told that in considering such matters it should consider the wealth of the defendant as shown by the evidence. The instruction is complained of on the ground that it permitted the jury to consider the dower interest that the plaintiff might possibly have had as the widow of the defendant. And error is also predicated upon the court's refusal to give an instruction telling the jury that such possible interest could not be considered. The court did not err in either respect. The instruction given was substantially such an instruction as has been often approved by this court. *Geiger v. Payne,* 102 Iowa, 591; *Olmstead v. Hoy,* 112 Iowa, 349; *Royal v. Smith,* 40 Iowa, 618; *Vierling v. Binder,* 113 Iowa, 342; *Herriman v. Lehman,* 118 Iowa, 592. The evidence showed the defendant to be worth from $75,000 to $90,000. The verdict was for $8,000, which refutes the suggestion that possible dower rights

2. SAME: damages: instruction.

were considered by the jury. In view of the entire record we are not inclined to say that the judgment is excessive. We find no error for which there should be a reversal, and the judgment is *affirmed*.

Evans, J., taking no part.