MAY FISHER, Plaintiff, v. JAMES BOLTON, Defendant.

**Seduction:** ACTION FOR DAMAGES: INSTRUCTION. Where it is established by the evidence in a civil action for seduction that plaintiff was· unchaste prior to a certain date, an instruction that she could not recover unless she had reformed between that time, and the date of a subsequent alleged seduction, was more favorable to defendant than he was entitled to have given; as the rule stated by the court is applicable in criminal cases, but not to its full extent in civil actions for seduction.

**Same:** EVIDENCE: PREVIOUS RELATION OF THE PARTIES. In a civil action for seduction the previous relations of the parties may be shown as bearing on the question of influence and power of the defendant over the plaintiff which he might not otherwise have had; and is important in determining whether her yielding to the demands of defendant was inconsistent with previous chastity of character and purpose.

**Same:** PROMISE OF MARRIAGE: EVIDENCE. In a civil action for seduction a promise of marriage need not be proved in express terms or by direct evidence. Evidence held sufficient to warrant the jury in finding a promise of marriage as one of the artifices by which the seduction was accomplished.

**Appeal:** ARGUMENT. Under the Supreme Court rules appellant is not permitted to reserve the citation of authorities for his reply argument.

**Seduction:** DAMAGES: INSTRUCTION. The instruction in this action relative to plaintiff's right to recover for loss of time is held to have been without prejudice, even though there was no evidence of loss of time on account of the seduction.

**Appeal:** ARGUMENT: OBJECTION TO EVIDENCE. Appellant is required

to disclose in his opening argument the points relied upon for a reversal; he can not raise new points in his reply. Nor can an objection to the competency of evidence not made on the trial be urged on appeal, or advanced for the first time on appeal in a reply argument.

*Appeal from Pottawattamie District Court.*—HON. N. W. MACY, Judge.

WEDNESDAY, OCTOBER 19, 1910.

CIVIL action for damages for seduction. There was a verdict and judgment for plaintiff, and defendant appeals.—*Affirmed.*

*Flickinger Bros.* and *Turner & Cullison,* for appellant.

*Frank Shinn* and *Ira R. Stitt,* for appellee.

EVANS, J.—The plaintiff's testimony tended to show: That in the latter part of the year 1901 she and the defendant became engaged to be married. That under cover of such engagement and by protestations of love the defendant first accomplished the plaintiff's seduction in 1901, and that such relation continued and such acts were repeated many times up to October or November, 1906. That on or about such latter date the plaintiff determined to change her course and to reform, and that she did so reform and was guilty of no improper conduct until June 23, 1907, upon which date the same illicit relations were resumed during a visit to her by the defendant, and the birth of a child resulted therefrom on March 22, 1908. Her pleading was predicated upon the act of June 23, 1907.

I. As preliminary to a discussion of the particular points presented for our consideration by the appellant, it may be stated that the trial court instructed the jury

that the plaintiff was under her own testimony unchaste

1. SEDUCTION: action for damages: instruction.

in the eyes of the law up to October or November, 1906, and that she could recover nothing in this section unless she had proved her reform after that date and before June 23, 1907. This instruction was more favorable to the defendant than he was entitled to have given. The rule stated in the instruction is applicable to criminal cases, and does not apply in civil cases to the extent indicated by the trial court. *Smith v. Milburn,* 17 Iowa, 37; *Olson v. Rice,* 140 Iowa, 630; *Breiner v. Nugent,* 136 Iowa, 322. This disposes of the certain objections made by defendant in relation to this subject.

II. In support of the charge that the plaintiff was seduced June 23, 1907, the trial court permitted the plaintiff to put in evidence the previous relations between the

2. SAME: evidence: previous relation of the parties.

parties from 1901 down to the time of the alleged last seduction, and by an instruction to the jury confined the purpose thereof to determine the previous relations between the parties, and to show what, if any, influence, power, or control the defendant thereby had over the plaintiff at the time of the alleged seduction in June, 1907. The defendant complains of this testimony and of this instruction, and takes the broad ground that it was a great wrong to the defendant to permit the previous relations between the parties to be "laid bare." The action of the trial court was in accord with principle and authority. *Baird v. Boehner,* 77 Iowa, 622. If the previous relations between the parties were such as to give the defendant an advantage and power over plaintiff which he would not otherwise have had, it was an important consideration in determining whether the yielding of the plaintiff was inconsistent with previous chastity of character and purpose.

III. In the seventh paragraph of the instructions, the trial court instructed the jury to ascertain whether the

defendant accomplished his purpose by means of mani-
festations of love and affection and promise

**3. Same: promise of marriage: evidence of marriage.** of marriage. Particular complaint is made
of this instruction on the alleged ground that
there is no evidence of any promise of marriage just prior
to the act of June 23, 1907. It is true that the plaintiff
did not testify to any direct promise of marriage on this
occasion. It is also true that the plaintiff testified that
in the fall of 1902 the defendant told her she would have
to give him up. Against this she at the time protested,
and the subject was dropped, and the relations of the
parties continued as before, with frequent protestations of
love and affection by the defendant. This in general was
the relation of the parties up to June 23, 1907, except
that the defendant had not visited the plaintiff for seven
or eight months prior to that date. For the purpose of
such an action as this, a promise of marriage need not be
proved in express terms, nor by direct evidence. We think
the testimony in this case on that subject, though very
meager indeed at this particular point, was nevertheless
sufficient to warrant the jury in implying a promise of
marriage as one of the artifices by which the alleged seduc-
tion was accomplished. The defendant testified as a wit-
ness in his own behalf. He confined his testimony wholly
to the alleged act of October or November, 1906, and that
of June 23, 1907. He did not deny that there had been
a previous engagement of marriage, nor did he testify
that it had ever been broken off. The testimony of the
plaintiff was therefore abundant proof that an engagement
of marriage had existed, and all the subsequent conduct
of the parties tended at least to confirm the continuance
of the same, notwithstanding that the defendant had once
expressed a purpose to break it off.

IV. In stating the measure of damages the trial court
instructed the jury that, if the plaintiff was entitled to
recovery, she should be allowed such damages as "you find

under the testimony will fairly compensate her for . . .

**4. APPEAL: argument.** and loss of time, if any, caused thereby." Appellant assails this instruction on the ground that there was no allegation of loss of time in the petition, and no evidence of such loss of time in the record. This point is made, but not argued in the opening argument. It is argued vigorously in the reply argument, and authorities are cited in support thereof. This method of reserving the citation of authorities for reply argument leaves us without assistance from the appellee in respect to such citations. Our rules are intended to prevent this method of argument.

The instruction complained of is in the form of the instructions considered in *Lamb v. Cedar Rapids,* 108 Iowa, 635; *Trumble v. Happy,* 114 Iowa, 626; *Vedder v. Delaney,* 122 Iowa, 589. Assuming, as con-

**5. SEDUCTION: damages: instruction.** tended by appellant, that there is no evidence of loss of time, the point is ruled by the cases above cited, and the instruction in the form given must be deemed nonprejudicial as held in the cited cases. We do not overlook the cases cited by appellant in its reply brief, namely, *Gardner v. B., C. R. & N. R. R. Co.,* 68 Iowa, 588; *Reed v. C., R. I. & P. Ry. Co.,* 57 Iowa, 23; *Stafford v. Oskaloosa,* 57 Iowa, 748. The instructions under consideration in the foregoing cases were more rigid in form than that in the case at bar and than those considered in the later cases cited above. See, also, *Gray v. Bean,* 27 Iowa, 222, which is a case almost identical in its facts with the case at bar so far as they bear upon the question under consideration.

V. It is also urged vigorously by appellant in his reply argument that the trial court erred in permitting

**6. APPEAL: argument: objection to evidence.** the jury to allow for medical expenses and nursing on the alleged ground that no claim was made therefor in the petition, and that there was no competent evidence of such expense. The

petition did claim specifically for this item. It was supported on the trial by the testimony of the nurse who testified to the amount of her bill and to the amount of the doctor bill as she heard the doctor state it to the plaintiff. It is urged that this latter testimony was incompetent, but no such objection was made at the time it was offered. Nor can the appellant be permitted to make this point in his reply argument. He made no claim of this kind in his opening argument as a part of his statement of facts that the nurse bill was $40 and the doctor bill $500. As claimed by counsel for appellee in his oral argument, he rested upon this statement of appellant to the extent that he filed no amended abstract, although there was in the record competent evidence on this subject which had been omitted from appellant's abstract. We mention this incident of the oral argument, not for the purpose of determining any issue raised thereby between counsel, but simply as illustrative of the reasonableness of our rule which requires the appellant to disclose in his opening argument every point relied on for reversal.

VI. Appellant's abstract does not show that any exceptions were taken to any of the instructions. This omission seems to have been overlooked, and appears to have been discovered only at the time of the oral argument. The appellant thereupon immediately after the submission of the case filed an amended abstract stating that exceptions were duly taken. This amendment is assailed by motion of appellee to strike the same. The motion to strike and appellant's resistance thereto have been submitted with the case. In the view we take of the case, we need not pass upon such motion. For the purpose of our consideration of the case, we have given appellant the benefit of his alleged exceptions to the instructions. There is also a controversy between parties as to whether a certain amendment to petition which was filed by plaintiff appellee in the court below immediately after judg-

ment should be considered.   This amendment pleaded specifically "loss of time."   In the view we have taken of the case, we have no occasion to deal with this question.

Other questions argued are so related to these which we have discussed that what we have already said is decisive of them all.

The judgment below must be *affirmed*.