NELLIE WILSON, Appellee, v. ARTHUR MANGOLD, Appellant.

**Seduction:** VERDICT UPON CONFLICTING EVIDENCE. In this action for seduction the evidence is such as would support a verdict for either party and the finding of the court will not therefore be disturbed.

**Same:** DAMAGES. The verdict awarding plaintiff $2,000 damages in this action is sustained.

**Same:** INSTRUCTIONS. The instructions in an action will not be disturbed because lacking somewhat in directness of statement concerning the decisive question in issue, if upon the whole record the jury could not have been misled thereby; especially where no more specific statement was required. In this action the instructions, while not as clear as might have been, are not prejudicially erroneous because permitting a finding of the claimed seduction at a different date from that alleged, and the awarding of damages therefor.

**Same:** PREVIOUS CHASTE CHARACTER: INSTRUCTIONS. An action for seduction may be maintained although the plaintiff does not put her previous chaste character in issue; but when withholding that issue she can not recover damages for loss of character, shame or disgrace, and the court's instructions limiting recovery in this respect were proper.

*Appeal from Delaware District Court.*—HON. CHARLES E. RANSIER, Judge.

MONDAY, MARCH 11, 1912.

ACTION by plaintiff for damages for her own seduction. There was a verdict and judgment in her favor, and defendant appeals.—*Affirmed.*

*H. F. Arnold* and *Carr, Bronson & Carr,* for appellant.

*Welch & Welch,* for appellee.

EVANS, J.—Petition of the plaintiff was in three counts. In substance, the plaintiff charged that she was seduced by the defendant on or about the month of August, 1908. She tendered no issue on the question of previous chaste character. She charged that as a result of her seduction a child was born to her on the 1st day of May, 1909. The damages claimed were for pain and suffering, loss of time, and expense incidental to her pregnancy and to the birth of her child. The defendant denied the seduction,

and denied the paternity of the child. He admitted illicit relations with the plaintiff on January 3, 1909, and denied that he had ever sustained illicit relations with her at any other time, and denied that the plaintiff was seduced by him at such time.

I. It is urged that the verdict is not sustained by the evidence. Considerable argument is directed to a discussion of the relative weight of the evidence. It is suffi-

1. SEDUCTION: verdict upon conflicting evidence.

cient to say that the evidence in this record is sufficient to have sustained a verdict for either party. Plaintiff was a witness in her own behalf, and testified in support of the allegations of her petition. She had substantial corroboration in numerous letters, which were concededly written by the defendant. The first two of these letters bore dates August 11, and September 2, 1908. The defendant denied these dates, and testified that they were spurious, and were not in his handwriting. The question was clearly one for the jury. Subsequent to September 2d, a number of letters passed between the parties which are in no manner disputed. These letters are quite unfit for the printed page, and quite corroborate the plaintiff that improper relations must have existed between the parties before these were written. There is some corroboration, also, of defendant's denial of the paternity of the child to be found in one or two of the plaintiff's letters written in February and March, 1909. The weight and value of this conflicting evidence was necessarily submitted to the jury, and the verdict must end that discussion.

II. Complaint is also made that the verdict is excessive. It was for $2,000. The testimony is undisputed that a large expense was incurred in a lying-in- hospital, and

2. SAME: damages.

that plaintiff suffered much. Necessarily there was much loss of time. Upon the whole record, we would not be justified in criticising the amount of the verdict.

III. Complaint is directed against instructions Nos.

2 and 3, given by the trial court. Such instructions are as follows:

(2) On the first of the issue hereinbefore referred to, the issue for your determination is *whether or not the plaintiff was induced to have sexual intercourse with the defendant by means of artifice, flattery or deceit employed by defendant.* The plaintiff claims that the defendant, for the purpose of deceiving plaintiff, and of seducing and debauching her, began visiting her at her home and keeping company with her as a suitor, taking her out buggy riding, declaring his love for her, kissing and caressing her, and thereby won her love and gained influence over her, by reason of which arts, and by persuasion and flattery and deception, the defendant induced plaintiff to submit to his unlawful embraces and to have sexual intercourse with him on or about August, 1908, and afterward. The defendant denies such claim, and contends that the sexual intercourse between the plaintiff and defendant occurred on January 3, 1909, and was the result of plaintiff's solicitations, promises, praise, artifice, deception, and overpersuasion. As hereinbefore stated, the fact that the defendant had sexual intercourse with the plaintiff at some time is not in dispute; but the burden of proof is upon the plaintiff to show by the preponderance of the evidence that the intercourse, whenever it did occur, whether in August or at a later date, was accomplished by the defendant by means of some previous artifice, or that she was induced to have such connection by flattery, false promises, or deception on his part. If she has so shown, the defendant would be liable to the plaintiff for the damages, if any, sustained by the plaintiff in consequence of such seduction and sexual intercourse, and, even if it should appear that previous to or at the time of the alleged seduction the plaintiff was not of chaste character, such fact, if it is a fact, would not defeat the right of the plaintiff to recover; but, if without being deceived, and without any false promises, deceit, or artifice, the plaintiff voluntarily submitted to the connection, the defendant would not be liable, and you should so find. In passing upon this issue, you should consider all the facts and circumstances disclosed by the evidence concerning and surrounding the acts, conduct, and declarations of the par-

3. SAME: instructions.

ties, both before and after the time of the alleged seduction and intercourse, and therefrom determine whether or not the sexual intercourse between the parties was accomplished by means of any artifice, flattery, or deceit on the part of the defendant.

(3) If, on the issue heretofore referred to, you find that the plaintiff was induced to have sexual intercourse with the defendant by means of artifice, flattery, or deceit on the part of the defendant, the *second* of the issue will then be presented for your determination, namely, *in what amount, if any, was the plaintiff damaged thereby?* The plaintiff claims that as a result of such seduction and intercourse the plaintiff became sick and pregnant, and was delivered of a child on May 1, 1909, and suffered bodily pain, mental anguish, her nervous system shocked, and also sustained loss of time; also expense of nursing, care, and attendance during, before, and after confinement of $300; also paid for medical attendance $30. The defendant denies such claim, and contends that he had had no sexual intercourse with the plaintiff until January 3, 1909, and that the plaintiff was pregnant and with a child by some other than the defendant in September, 1908. On this issue, the burden of proof is upon the plaintiff to show by a preponderance of the evidence the extent of damages resulting to her from such alleged seduction and sexual intercourse. The question as to whether or not the plaintiff was of a chaste character previous to the alleged seduction is not in issue in this case, and, as no claim is made in the petition for damages arising from loss of character, the plaintiff would not be entitled to recover for loss of character, nor for any disgrace or change in social standing resulting from loss of character; but if you find that the plaintiff is entitled to recover the measure of her recovery is such sum as will fairly compensate her for the damages, if any, other than those resulting from loss of character, which the plaintiff, in direct consequence of the alleged seduction and sexual intercourse, has suffered, which would be such, if any, damages as you shall find from the evidence so resulted to her from sickness, bodily pain and suffering, pregnancy and childbirth; also for expense of nursing, care and medical attendance paid or obligated to be paid by the plaintiff, if any such expenses

have been proven. If you find under this issue that the plaintiff has sustained such damages, you will return your verdict in her favor for the amount so found, in case, and only in that event, that you also find that the plaintiff was induced to have sexual intercourse with the defendant by means of artifice, flattery, or deceit employed by him. If you fail to find that the plaintiff was so induced, or fail to find that the plaintiff was so damaged, you will return your verdict for the defendant.

The complaint directed against instruction No. 2 is that it permitted the jury to find the seduction to have been accomplished at a later time than August 1, 1908, and that there was no evidence to that effect. It is urged,˙ also, that this is particularly prejudicial˙to˙the defendant, because he admitted later illicit relations in January, 1909. Complaint is also made that under instruction 3 the jury were permitted to award damages, even though they had found the seduction to have occurred in January, 1909. We are not wholly satisfied with the form of the instructions at this point. They lacked somewhat in directness of statement as to the decisive question to be considered by the jury. In the light of the whole record, however, they were not misleading.

The plaintiff was entitled to maintain her action without putting her previous character in issue. But in so withholding her previous character from the issue, she was not entitled

4. SAME: previous chaste character: instructions.

to recover for loss of character, or for shame or disgrace. *Olson v. Rice,* 140 Iowa, 630; *Baird v. Boehmer,* 77 Iowa, 623; *Fisher v. Bolton,* 148 Iowa, 651. The trial court therefore limited her in her measure of damages to such as directly resulted from her pregnancy and childbirth. We think, also, that by a fair construction of the instructions, they advise the jury that such damages could not be allowed, unless her pregnancy was the result of her seduction by the defendant. The instruction would have been better in form, in the light of

this record, if it had directed the jury in direct terms that, unless the seduction of the plaintiff by the defendant resulted in her pregnancy, then she could not recover damages arising out of such pregnancy and childbirth. No other measure of damages was claimed for the plaintiff. We think the instructions as given will fairly bear this construction, and that the jury could not have awarded damages under the instructions without finding the same to have resulted from the pregnancy. If the instructions were not as specific as might be, the defendant could have brought the matter to the attention of the trial court with a requested instruction. Nothing of this kind was done.

The judgment below must therefore be *affirmed.*