Frances Gardner, Appellee, v. C. A. Boland, Appellant.
No. 39615.

*Wallace & Claypool* and *F. M. Beatty*, for appellant.

*James P. Gaffney* and *Robert Shaw*, for appellee.

ALBERT, C. J.—Plaintiff herein was a minor, and the action for seduction was brought in her behalf by her father, as her next friend. Defendant was a farmer, 47 years of age, con-ducting a farm in Keokuk County, Iowa, and plaintiff was employed as a servant girl in the household. The fact situation in the case is the usual sordid story incidental to actions of this kind, and need not be detailed, except so far as may be necessary to an understanding of the questions raised.

The first point urged on our consideration arises from the following fact: In plaintiff's petition, as amended, among other things she claims $240 for loss of time; for nursing, medical attention, and hospital care during pregnancy and sickness, and placing the child in a home, the sum of $508.75; and for physical and mental pain, social loss, humiliation, shame, disgrace, and loss of character, $10,000,—and she prays judgment for $10,748.75. The verdict returned by the jury was in the amount last above specified. The question was then raised that, the plaintiff being a minor, she was not entitled to recover for loss of time, or for the services of a nurse, physician, and hospital care. When this matter was called to the court's attention, and after judgment had been entered, the plaintiff filed a remittitur in the sum of $240, representing her claim for loss of time, and also $174.75 for expense of nursing, medical attention, and hospital care on account of such seduction. The court in its instructions included, as elements of damage, the loss of time and the fair and reasonable value thereof, and the fair and

reasonable value of expense of nursing, medical attention, and hospital care.

It is the settled rule in this state that, plaintiff being a minor, these two items were not recoverable by her. *Newbury v. Getchel & Martin Lbr. & Mfg. Co.*, 100 Iowa 441; *Dawson*  *v. Dawson,* 12 Iowa 512; *Porter v. Powell,* 79 Iowa 151; *Peppercorn v. City of Black River Falls,* 89 Wis. 38 (61 N. W. 79). This rule is recognized by plaintiff in the filing of the re- mittitur above referred to,—but does this cure the error of authorizing the jury to take these matters into con- sideration in reaching a verdict? The vice of this situation is emphasized by a statement in the same instruction above re- ferred to, which states: ''The amount of plaintiff's recovery is a matter of discretion with you.'' Under this situation, no one is able to say what amounts the jury allowed for these re- spective items. The above-quoted part of the instruction does not limit them to an allowance on these two items of the amount claimed, nor does it limit them to the amounts shown in the evidence to be the reasonable value of these two items. Under such circumstances, to say to the jury that ''the amount of plaintiff's recovery is a matter of discretion with you'' permits them to allow for these two items any amount that is within the discretion of the jury; hence the remittitur filed herein does not, in our opinion, cure the error. The situation here is very similar to that in the case of *In re Estate of Oldfield,* 158 Iowa 98.

The defendant asked the court to instruct the jury, in sub- stance, that if, at the time the alleged seduction took place, the plaintiff knew that the defendant was a married man, any prom-  ise of marriage then made would not, of itself, be sufficient to support a claim of seduction. The undisputed record shows that the plaintiff did know, at the time it is alleged the seduction took place, that the defendant was a married man, and living at home with his wife. A promise of marriage, under such circumstances, was a promise to do something which was an impossibility, so far as the defendant was concerned; and, plaintiff knowing that the promise ''was necessarily con- ditional upon the death or the putting away of his present

wife, so base a contract would not excuse her in law for the surrender of her chastity." *People v. Kehoe,* 123 Cal. 224 (69 Am. St. 52, l. c. 54). See, also, *People v. Alger,* 1 Park. Cr. (N. Y.) 333; 24 Ruling Case Law 770; 25 Am. & Eng. Encyc. of Law 231; *Norton v. State,* 72 Miss. 128 (16 So. 264). The instruction requested by the defendant, or one of similar import, should have been given.

This opinion must not be understood as holding that a married man cannot be guilty of seduction, for that has already been settled in *Hawn v. Banghart,* 76 Iowa 683; *State v. Donovan,* 128 Iowa 44; *Morgan v. Muench,* 181 Iowa 719. But the purport of the above holding is that, when the defendant is a married man, and the woman has knowledge of such fact, a false promise of marriage, in itself, cannot be made the basis of a claim for seduction.

Error is assigned as to Instruction 4 and some other instructions, in that they use the term "yielded to the embraces" of the defendant, thus making it possible for recovery in this  case without the occurrence of sexual intercourse. The terms are not equivalent, and the use of the term "yielded to the embraces" should be avoided, on a retrial of the case, and things should be called by their right names.

In Instruction No. 5, recovery was authorized for the "bodily pain, mental anguish, and suffering of the plaintiff, if any has been shown." The gist of the crime, as suggested, was the sexual intercourse. There is some testimony in the case which accuses the defendant of doing certain things which would be "wrongful acts," but the only wrongful act for which the plaintiff is entitled to recover damages is the seduction. The use of the term "wrongful acts," without qualification or limitation, is unfortunate.

The court, among other instructions, gave one with reference to a certified copy of a standard certificate of birth, registered with the state registrar of vital statistics.

Section 2431, Code, 1927, provides:

"Any certified copy of the record of a birth, death, or marriage, made under this chapter, shall be presumptive evidence in all courts and places of the facts therein stated."

Section 2397 specifies what the contents of such a certificate shall be.

The court instructed, with reference to this matter:

"And you are instructed that the statement in said Exhibit Number 1 [the birth certificate] that the name of the father is 'not known' is not presumptive evidence of that fact, and does not contradict any testimony with reference to the paternity of the child born to the plaintiff testified to in this case."

This certificate specified that the child was not legitimate, and that the name of the father, his age, residence, birthplace, and occupation were not known. That this girl gave birth to  a child, and the date thereof, is not disputed. The certificate was not made by the plaintiff, and the fact that the physician who made and filed it did not know who the father of the child was, is in no way material to the inquiry under consideration.

Passing the question as to whether or not the certificate was admissible for any purpose in this civil action, we are quite satisfied that the court's instruction in relation thereto was a correct statement of the law as applied to this case.

The defendant offered testimony, some of which was later stricken, to show that, after the seduction of the plaintiff, as charged herein, she indulged in illicit intercourse with parties  other than the defendant. Objection was made to this testimony, and the objection sustained. This is assigned as error. It is settled in this state that a woman may recover for her own seduction, even though she is not of chaste character at the time of the alleged seduction, and the court so instructed in this case. The question before us, however, is limited in its effect. It is held in *Clifton v. Granger*, 86 Iowa 573, that the testimony affecting her chastity must be limited to acts or statements prior to the time of the alleged seduction. This question is again discussed in *State v. Baldoser*, 88 Iowa 55; *State v. Davis*, 193 Iowa 651; *State v. Weaver*, 198 Iowa 1048. See, also, *Adams v. State*, 93 Ark. 260 (124 S. W. 766). It will be noted that these latter cases are all criminal cases, and we will not stop now to differentiate between these cases

and the instant case, as the situation is somewhat different. In this action, the plaintiff seeks to recover damages. As a part of her main case, she testified, on direct examination: ''I never had sexual intercourse with any other person other than this defendant.'' This testimony was undoubtedly included for the purpose of enhancing her damages. Having opened the door on this question as to all time, we think that she cannot now prevent the defendant from negativing such testimony by proving her misconduct after the time she alleges that she was seduced by the defendant. She claims that this defendant continued to pursue her after the 10th of December, 1926, the date on which she alleges the seduction, for some time afterwards, and that she continued to have illicit intercourse with him.

Aside from this, however, it is one of the claims of the plaintiff that she was under promise of marriage to the defendant and that she expected to marry him. If she was honest in this claim, it is so foreign to the natural conduct of a woman similarly circumstanced to indulge in libidinous intercourse with other men shortly after an alleged promise of marriage is given, that the fact that she did indulge in illicit intercourse with other men would certainly be admissible to be weighed by the jury, as a circumstance to be considered by them on the question of whether or not she yielded because of the promise of marriage. More than this, under the disputed evidence in the case, there was a question of the paternity of the child born to her, and the evidence would be admissible on that question.

The question is also raised as to the sufficiency of the evidence to support a verdict. Without discussing the same, we are of the opinion that it was sufficient to carry the case to the jury.—*Reversed.*

Stevens, Faville, Morling, and Grimm, JJ., concur.